ATTORNEY GENERAL OF TEXAS, Appellant,

v.

Charles Toby ALLRED, Appellee.

No. 2–92–003–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 23, 1994.

Dan Morales, Atty. Gen., Will Pryor, First Asst., Mary F. Keller, Deputy, Samuel T. Jackson, Chief Child Support Lit. Div., Rhonda Amkraut Bayer, Asst. Atty. Gen., Austin, for appellant.

Goodman & Clark, and Toby R. Goodman, Arlington, for appellee.

Before HILL, C.J., and FARRIS and LATTIMORE, JJ.

## OPINION ON REHEARING

FARRIS, Justice.

The prior opinion and judgment dated September 15, 1993 are hereby withdrawn, and the following substituted therefor. On September 20, 1977, Kandy Pratt, represented by Tim Curry, Criminal District Attorney, Tarrant County, Texas, sued Charles Toby Allred to establish the paternity of her child, C.V.A., and obtain child support. This action was dismissed with prejudice for want of prosecution in September 1979.

In June 1991, almost twelve years after the 1977 action was dismissed, the Attorney General of Texas sued to establish the parent-child relationship between Allred and C.V.A. under Chapter 76 of the Texas Human Resources Code. TEX.HUM.RES.CODE ANN. ch. 76 (Vernon 1990 & Supp.1994).[1] Allred moved to dismiss this action claiming it was precluded by the 1977 judgment. The trial judge agreed and dismissed the action. The trial court filed findings of fact and conclusions of law in which it found the subject matter and issues involved in the 1991 case were adjudicated in the prior proceeding and the Attorney General represented Kandy Pratt.

■ On appeal, the Attorney General complains the trial court erred in granting Allred's motion and in admitting certain evidence during the hearing on that motion. We sustain the Attorney General's first point of error because the issue in this case was not, and could not have been, adjudicated by the State in the 1977 action and the State is not in privity with a party who could have adjudicated it. We do not consider the Attorney General's remaining point. The judgment is reversed and the case is remanded for trial.

■ Res judicata prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992). Thus, the trial court properly

1. Section 76.001 provides:
   The attorney general's office is the state agency designated to administer a statewide plan for child support to provide child support collection, parent locator, and paternity determination services that will enable it and the Texas Department of Human Services to participate in programs established by federal law.

dismissed the current case if the paternity of C.V.A. (1) was finally adjudicated, or (2) with due diligence, should have been litigated in the 1977 suit.

Because the trial judge dismissed the 1977 cause for want of prosecution without finding the paternity of C.V.A., that issue was not finally adjudicated. *See Dreyer v. Greene*, 871 S.W.2d 697 (Tex.1993) (in a final divorce decree the trial court found the mother and her husband were the parents of the three children); *Espiricueta v. Vargas*, 820 S.W.2d 17, 19 (Tex.App.—Austin 1991, writ denied) (recital in a default divorce decree, that the children are "of the marriage" did not litigate paternity).

To determine whether the State could have litigated the paternity of C.V.A. in the 1977 action, we must examine the State's role in that proceeding, its standing to pursue the suit and its connection to the parties in that case. Allred claims the Criminal District Attorney of Tarrant County represented the State, and consequently the Attorney General, in that case. Although Allred is correct in claiming a government agent was involved in that case, his conclusion that the State's interests were represented by that individual is incorrect.

It was not until 1989 that the legislature conferred independent standing upon the Attorney General to sue to establish paternity. TEX.FAM.CODE ANN. § 11.03(i) (Vernon Supp. 1994); *The Attorney General of Texas v. Lavan*, 833 S.W.2d 952 (Tex.1992). Before section 11.03(i) was enacted, the State could not pursue an action independent of the child's caretaker. *See State, in Behalf of Williams v. Green*, 746 S.W.2d 940, 941, n. 1 (Tex.App.—Austin 1988, writ denied). Therefore, in 1977, the District Attorney could not have pursued the litigation in his own name nor could he have appealed an unfavorable judgment. *Id.* A claim is not barred by res judicata if it could not have been brought. *Holloway v. Starnes*, 840 S.W.2d 14, 19 (Tex.App.—Dallas 1992, writ denied). Because the State could not seek to establish the paternity of C.V.A. without Pratt's involvement and cooperation, we hold that even with diligence the State was powerless to act.

Regarding the State's connection to Pratt, contrary to the trial judge's finding, the Attorney General does not appear in the instant case as her representative, so her involvement in the 1977 proceeding and failure to pursue her claim diligently cannot be imputed to the State. Also, regardless of the Attorney General's relationship to the child, the child's interests were not, and could not have been, asserted in the prior action because the attorney ad litem was empowered to act only in the event of settlement and no settlement occurred.

Because the Attorney General, or the State, could not have pursued this action on its own in 1977 and because it does not derive its capacity to sue from a party to the first action, we hold that even with diligence the State could not have litigated the paternity of C.V.A. in 1977.

Contrary to Allred's assertion that our decision will have wide-sweeping consequences, its effect is limited. First, it does not affect actions filed after the Family Code was amended to require service of citation upon the Attorney General of any petition which seeks to affect a support right assigned under Chapter 76 of the Human Resources Code. TEX.FAM.CODE ANN. § 11.09(a)(9) (Vernon 1986). Second, this decision affects only instances where the child has no presumed or adjudicated father and then only when the child's support rights have been assigned to the Attorney General's office. TEX.HUM.RES.CODE ANN. §§ 76.004(a), 76.-002(b) (Vernon 1990); TEX.FAM.CODE ANN. § 13.44 (Vernon Supp.1994). It is Allred's theory that is hostile to this State's policy of promoting the best interest of the child. *See Dreyer*, 871 S.W.2d at 698 (dissenting opinion). If his theory were adopted, the 1977 dismissal would leave this child forever illegitimate.

Because the trial court's ruling is based upon its erroneous conclusions the Attorney General appears in this case in a representative capacity and the paternity of C.V.A. was finally adjudicated in the 1977 action, we sustain the Attorney General's first point of error.

The judgment is reversed, the case is remanded for trial, and costs are assessed against Charles Toby Allred.