**In the Interest of A. D., a child.**

No. 00–0337.

Supreme Court of Texas.

Argued March 28, 2001.

Decided April 11, 2002.

Rehearing Overruled May 30, 2002.

Rhonda Amkraut Pressley, John Cornyn, Atty. Gen. of State of Texas, Andy Taylor, First Assistant Atty. Gen., Howard G. Baldwin, First Asst. Atty. Gen., Austin, for Petitioner.

Michael Calvin Abbott, Orange, for Respondent.

Justice O'NEILL delivered the opinion of the Court.

Until 1997, the Family Code provided that trial courts retain jurisdiction for four years from the time a current child-support obligation ended to enter an order directing the obligor's employer to withhold part of the obligor's wages for delinquent support. *See* Act of July 16, 1989, 71st Leg., 1st C.S., ch. 25, § 29, 1989 Tex. Gen. Laws 74, 87 (former TEX. FAM.CODE § 14.43(r)) (amended 1997) (current version at TEX. FAM.CODE § 158.102). In 1997, amendments to the Family Code removed this four-year limitation on the court's jurisdiction to order withholding, and also

authorized the Attorney General to issue writs of withholding administratively, at any time until all current support and child-support arrearages have been paid. Tex. Fam.Code §§ 158.102, .502.

In this case, the obligor's regular support obligation ended in 1990, and the enforcement period expired in 1994 while the four-year limit was still in effect. In 1998, the Attorney General, acting under the amended statute, issued an administrative writ directing the obligor's employer to withhold a part of the obligor's earnings to satisfy support arrearages. We must decide whether this writ violates the Texas Constitution's prohibition against retroactive laws. Tex. Const. art. I, § 16. We hold that it does not and reverse the court of appeals' judgment.

## I Background

Kenneth and Shirley Davis divorced in 1974. The divorce decree gave Shirley custody of their two children and ordered Kenneth to pay $160 per month in child support until the youngest child turned eighteen. The court did not then order Kenneth's employer to withhold these payments from his wages. In 1974 the Texas Constitution did not allow garnishment to enforce child-support obligations. *See* Tex. Const. art. XVI, § 28 (amended 1983); *Tamez v. Tamez*, 822 S.W.2d 688, 691 (Tex.App.-Corpus Christi 1991, writ denied).

Within eight years, Kenneth had missed support payments totaling, with interest, nearly $11,000. The trial court held him in contempt in September 1982. To avoid spending six months in the Jefferson County jail, Kenneth agreed to a payment plan, but he soon resumed violating the

court's orders. After September 1983, Kenneth neither made support payments nor fulfilled the payment plan that had ostensibly been a condition of his probated contempt punishment. When his youngest child turned eighteen in November 1990, Kenneth owed more than $23,000 in past-due support.

Texas voters amended the Texas Constitution in 1983 to allow wage withholding for child-support enforcement. Tex. Const. art. XVI, § 28. From the first, legislation implementing this amendment contemplated that the court with continuing jurisdiction over a support order would use wage withholding to enforce both past-due and future support obligations. *See* Act of May 17, 1983, 68th Leg., R.S., ch. 402, § 2, 1983 Tex. Gen. Laws 2169, 2172–73 (former Tex. Fam.Code § 14.091(p)) (repealed 1985). At the time of the constitutional amendment, the court's continuing jurisdiction expired when the child involved became an adult. *See In re Brecheisen*, 694 S.W.2d 438, 440 (Tex.App.-Dallas 1985, writ dism'd w.o.j.). By 1990, however, the Legislature had amended the Family Code to provide that a court retains jurisdiction to allow judicial wage-withholding orders "if the motion for income withholding is filed before the fourth anniversary of the date ... the child becomes an adult...." *See* Act of July 16, 1989, 71st Leg., 1st C.S., ch. 25, § 29, 1989 Tex. Gen. Laws 74, 87 (former Tex. Fam.Code § 14.43(r)(1)) (repealed 1995) (current version at Tex. Fam.Code § 158.102). Like an order holding the obligor in contempt, a wage-withholding order is available to remedy past violations of a support order whether or not the court has reduced the delinquent amount to a single, cumulative judgment.[1]

---

1. A cumulative judgment for past-due child support increases the available enforcement methods, however, because such cumulative judgments are also enforceable "by any

means available for the enforcement of judgments for debts." Act of May 27, 1985, 69th Leg., R.S., ch. 232, § 9, 1985 Tex. Gen. Laws 1158, 1163 (former Tex. Fam.Code § 14.41(a))

*See* TEX. FAM.CODE §§ 157.002(b)(2); 158.302.

In December 1994, the Attorney General filed a motion to reduce Kenneth's unpaid support to a cumulative judgment.[2] But the Attorney General dismissed the motion after Kenneth pointed out that the four-year limit on the court's jurisdiction for reducing his past-due support to a cumulative judgment had expired in November 1994, four years after his youngest child turned eighteen. *See* Act of July 16, 1989, 71st Leg., 1st C.S., ch.25, § 28, 1989 Tex. Gen. Laws 74, 86 (former TEX. FAM.CODE § 14.41(b)) (repealed 1995) (current version at TEX. FAM.CODE § 157.005(b)).

In 1997, the Legislature adopted a statute providing for enforcement of child-support orders by administrative writs of withholding. *See* Act of May 21, 1997, 75th Leg., R.S., ch. 911, § 67, 1997 Tex. Gen. Laws 2864, 2878–79 (amended 1999) (current version at TEX. FAM.CODE § 158.502(a)). This statute has no express time limitation on the court's jurisdiction, and provides that the Attorney General may issue an administrative writ "at any time until all current support, including medical support, and child support arrearages have been paid." · *Id.* At the same time it adopted the administrative withholding statute, the Legislature removed the four-year time limit for entry of a judicial writ of withholding. *See id.* § 40, 1997 Tex. Gen. Laws 2864, 2872–73 (amended 1999) (current version at TEX. FAM.CODE § 158.102).

By June 1998, interest had increased Kenneth's delinquent support obligation to $41,000. That month, the Attorney General issued an administrative writ directing Kenneth's employer to withhold part of Kenneth's wages to remedy his violation of the court's child-support orders. Kenneth moved to withdraw the writ, arguing that the four-year limit that in 1994 barred a cumulative judgment or a judicial writ of withholding for past-due support barred any later action to collect the delinquent payments. The trial court granted Kenneth's motion and ordered the Attorney General to withdraw the writ. The court of appeals affirmed, holding that Kenneth had a vested right to rely on the time limitations in effect when his support obligation ended and that the Attorney General's administrative writ violated the constitutional ban on retroactive laws. 8 S.W.3d 466, 467. We granted the Attorney General's petition for review to consider the administrative withholding statute's constitutionality when applied to Kenneth's child-support obligations that became unenforceable under prior law.

## II Discussion

■ The court of appeals reached its conclusion that the administrative writ in this case violated the Texas Constitution's ban on retroactive laws[3] by characterizing the former four-year limit on wage-withholding as a statute of limitations, rather than a jurisdictional or remedial provision. 8 S.W.3d at 467. Under this reasoning, a statute reviving the obligor's duty after it had expired would be unconstitutional. *See Baker Hughes, Inc. v. Keco R. & D., Inc.,* 12 S.W.3d 1, 4 (Tex.1999). But the court of appeals' characterization is fundamentally flawed. The former four-year limitation in section 14.43 was on the

---

(repealed 1995) (current version at TEX. FAM. CODE § 157.264(a)).

**2.** A child-support obligee may enlist the Attorney General's help to collect the support. *See* TEX. FAM.CODE §§ 231.101(a)(5), .102.

**3.** Article I, § 16 of the Texas Constitution provides: "No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."

court's jurisdiction to order withholding of child-support arrearages, not on the obligation itself.

 The Texas Constitution's ban on retroactive laws forbids statutes that "create new obligations, impose new duties, or adopt new disabilities in respect to transactions or considerations past." *Ex parte Abell,* 613 S.W.2d 255, 260 (Tex.1981) (orig.proceeding). An administrative writ of withholding for delinquent child support does not seek to impose a legal liability on the obligor to support his children. Instead, it is one of several methods the Family Code provides as a remedy to secure performance of a previously adjudicated liability. *See Ex parte Wilbanks,* 722 S.W.2d 221, 224 (Tex.App.-Amarillo 1986, orig. proceeding). In this case, the administrative writ is a remedy for Kenneth's repeated and continuing violation of the 1974 divorce decree that ordered him to pay specific amounts for his children's support. If a plaintiff sues after the statute of limitations on his or her cause of action has expired, the defendant has no obligation to defend the action on its merits; instead, the defendant has a vested right to judgment in his or her favor. *See Baker Hughes,* 12 S.W.3d at 4. For this reason, we have held in several contexts that a statute extending a cause of action's limitations period cannot apply to revive a suit that would have been time-barred before the new statute of limitations took effect. *See, e.g., id.* at 5; *Mellinger v. City of Houston,* 68 Tex. 37, 3 S.W. 249, 253–55 (1887). Such a statutory change would violate the constitutional prohibition on retroactive laws because it would impair vested, substantive rights and would impose a new obligation on the defendant that related to the defendant's past conduct. *See Mellinger,* 3 S.W. at 253.

The administrative writ at issue in this case, however, imposes no new substantive obligations on Kenneth. The 1974 divorce judgment established Kenneth's obligation to pay, and Shirley's right to receive, $160 per month in child support. The only issue that remained unresolved after 1974 was securing Kenneth's compliance with the court's order. The Attorney General attempted in 1994 to enforce Kenneth's child-support obligations after the period in section 14.41 had expired and before the 1997 amendment, but voluntarily dismissed its action. Had it not done so, the most Kenneth would have been entitled to under the statute was a dismissal for want of jurisdiction; he would not have been entitled, by the statute, to a take-nothing judgment. The 1997 amendment removed the time restriction on the court's enforcement jurisdiction. It did not resurrect dead claims or abolish defenses to such claims. And allowing the Attorney General to issue the writ administratively merely added a different procedural vehicle to secure fulfillment of the existing obligation.

Since 1974, the Legislature has amended the Family Code many times, adding and enhancing the methods courts may use to enforce their child-support orders. These new and improved enforcement mechanisms provide remedies for continuing violations of established duties. Except for the decision below, the courts of appeals have consistently held that the constitutional ban on retroactive laws does not preclude applying new enforcement tools to old support orders. *See, e.g., In re Digges,* 981 S.W.2d 445, 446–47 (Tex.App.-San Antonio 1998, no pet.) (affirming judicial writ of withholding to collect support originally ordered before effective date of statute authorizing such withholding); *In re Kuykendall,* 957 S.W.2d 907, 911 (Tex. App.-Texarkana 1997, no pet.) (concluding that the former ten-year time limitation was on the trial court's jurisdiction and therefore did not afford the obligor a vest-

ed right); *Wilbanks*, 722 S.W.2d at 223–24 (affirming contempt judgment entered within six months after child turned eighteen, when child's eighteenth birthday had occurred before effective date of statute extending contempt jurisdiction beyond child's majority); *Harrison v. Cox*, 524 S.W.2d 387, 391–92 (Tex.Civ.App.-Fort Worth 1975, writ ref'd n.r.e.) (affirming arrearage judgment including payments due before effective date of statute authorizing cumulative judgments); *cf. In re M.J.Z.*, 874 S.W.2d 724, 726 (Tex.App.-Houston [1st Dist.] 1994, no writ) (holding that former section 14.41(b) defined the court's jurisdiction, not the personal rights of obligor or obligee); *In re C.L.C.*, 760 S.W.2d 790, 792 (Tex.App.-Beaumont 1988, no writ) (same); *Sandford v. Sandford*, 732 S.W.2d 449, 450–51 (Tex.App.-Dallas 1987, no writ) (same). Most recently, in *In re S.C.S. & M.D.S.*, 48 S.W.3d 831, 834–35 (Tex.App.-Houston [14th Dist.] 2001, pet. filed), the Fourteenth Court of Appeals specifically rejected the appellate court's holding in this case. It held that the prior statute providing a four-year period within which a court retains jurisdiction to render a cumulative judgment was "not a statute of limitation; rather, it addresses how long a court has jurisdiction to enforce its orders. . . . Because it is a jurisdictional provision, it does not confer any vested right, unlike a statute of limitation." *Id.*

We agree with these intermediate appellate courts that statutes providing time limits within which enforcement of an existing support liability may be effected concern the court's continuing enforcement jurisdiction and do not affect substantive rights. When the Davises divorced in 1974, the only means available to enforce the support order were contempt and a cumulative judgment. Later, the Legislature and Texas voters added wage withholding to the court's enforcement mecha-

nisms, and the court could have used this method to collect Kenneth's overdue support whether or not it existed as a remedy when Kenneth failed to meet his child-support obligations. *See Harrison*, 524 S.W.2d at 391–92. Now, the Legislature has created another enforcement method, administrative wage withholding, and has made it available regardless of how long an obligor has avoided his court-ordered support duty. The Legislature has thus elected not to reward Davis's sixteen-year refusal to follow the terms of his divorce decree by forever excusing his duty to support his family. The Legislature was free to adopt new remedies for collecting delinquent child support, such as the administrative writ at issue here, and to apply those remedies in cases in which the court's enforcement power had lapsed. The administrative withholding statute, being remedial in nature, does not violate the Texas Constitution's ban on retroactive laws.

Finally, we emphasize that the only issue properly before us is whether, on the facts presented, the administrative writ violates the constitutional prohibition on retroactive laws. *See* TEX.R.APP. P. 33.1(a). Kenneth does not argue that his child-support obligation was extinguished for reasons other than the 1997 amendment to the withholding statute. Thus, we need not decide whether sections 31.006 and 34.001 of the Texas Civil Practice and Remedies Code limit enforcement of Kenneth's child-support obligation or the outer boundaries of the Legislature's power to remediate child-support arrearages.

### III Conclusion

Because the passage of time gave Kenneth Davis no vested, substantive right to avoid his previously adjudicated child-support obligation, we hold that the administrative writ at issue in this case is not

unconstitutionally retroactive as applied to him. Kenneth preserved no other challenge to the writ's validity. Accordingly, we reverse the court of appeals' judgment and render judgment reinstating the Attorney General's administrative writ of withholding.