In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________


 

NO. 09-04-432 CV


____________________



IN THE INTEREST OF A.A.P.








On Appeal from the 356th District Court


Hardin County, Texas


Trial Cause No. 17,149






MEMORANDUM OPINION


 Edward Perkins and Louise Barlow Hanchett were divorced in 1973. The divorce
decree awarded custody of the parties' minor child, A.A.P., to Hanchett and ordered
Perkins to pay child support in the amount of $80.00 per month, payable in two equal
installments.

 In 2004, the Office of the Attorney General for the State of Texas filed a motion to
confirm child support arrearage. The district court entered an order confirming the child
support arrearage in the amount of $37,379.54, and ordered Perkins to pay $50 toward the
arrearage each month until it was paid in full. Perkins filed this appeal. We affirm the
trial court's order.

 In his first issue, Perkins argues the child support judgment had become dormant
and was not timely revived within two years. Section 34.001 of the Civil Practices and
Remedies Code provides as follows:

 (a) If a writ of execution is not issued within 10 years after the rendition
of a judgment . . . , the judgment is dormant and execution may not
be issued on the judgment unless it is revived.

 

Tex. Civ. Prac. & Rem. Code Ann. § 34.001(a) (Vernon 1997). Section 31.006 of the
Civil Practices and Remedies Code provides as follows:

 A dormant judgment may be revived by scire facias or by an action of debt
brought not later than the second anniversary of the date that the judgment
becomes dormant.


Tex. Civ. Prac. & Rem. Code ANN. § 31.006 (Vernon 1997).

 The motion to confirm child support arrearage was filed by the Attorney General,
not by Hanchett. See Tex. Fam. Code Ann. § 231.001 (Vernon 2002), § 231.002(a)(3)
(Vernon Supp. 2005) (As the State's Title IV-D agency, the Office of the Attorney General
is empowered to initiate legal actions needed to implement Chapter 231.). The Attorney
General's interest in the uniform enforcement of child support is broader than that of the
individual parties. In re M.C.R., 55 S.W.3d 104, 107 (Tex. App.--San Antonio 2001, no
pet.). When engaging in litigation to enforce child support obligations, the Attorney
General is acting on behalf of the State, not merely for the intended recipient. Id. at 108
n. 2; see Tex. Fam. Code Ann. § 231.109 (Vernon 2002). By filing its motion to confirm
child support arrearrages, the Office of the Attorney General revived the judgment for the
State. See In re T.L.K., 90 S.W.3d 833, 839-40 (Tex. App.--San Antonio 2002, no pet.). 
Section 16.061 of the Civil Practices and Remedies Code provides as follows:

 (a) A right of action of this state . . . is not barred by any of the following
sections: . . . 31.006. . . .

Tex. Civ. Prac. & Rem. Code Ann. § 16.061(a) (Vernon Supp. 2005). The two year
limitation on the ability to revive a judgment under section 31.006 does not apply to a right
of action of the State. (1) See Tex. Civ. Prac. & Rem. Code Ann. § 16.061(a) (Vernon
Supp. 2005), § 31.006 (Vernon 1997). Perkins's first issue is overruled.

 In his second and third issues, Perkins contends the trial court erred by entering the
order confirming arrearage because Hanchett "waived" her right to seek relief under the
child support order, and laches now bars her claim. Issues two and three raise essentially
the same issue: waiver or laches due to the passage of time. (2) 

 In a suit affecting the parent-child relationship, the Attorney General has
independent standing to sue. See Attorney General of Texas v. Lavan, 833 S.W.2d 952,
955 (Tex. 1992); Attorney General of Texas v. Allred, 871 S.W.2d 298, 300 (Tex. App.--
Fort Worth 1994, no writ). Perkins's arguments focus on Hanchett; Perkins makes no
argument the State waived its right of action. See Tex. Fam. Code Ann. § 231.001
(Vernon 2002), § 231.002(a)(3) (Vernon Supp. 2005). Furthermore, the State is not
subject to the defense of laches. State v. Durham, 860 S.W.2d 63, 67 (Tex. 1993). 
Perkins's second and third issues are overruled.

 Perkins argues issues four, five, six, and seven together in his brief. In his fourth
and fifth issues, Perkins argues the "retroactive validation" of his child support obligation
violates his "right under the United States Constitution to be free from retroactive laws,"
and violates his right to due process under the United States Constitution. In his sixth
issue, Perkins contends the "retroactive validation" of his child support obligation violates
his right to due course of law under the Texas Constitution. We note Perkins failed to
raise the due process and due course of law arguments in the trial court. See Tex. R. App.
P. 33.1(a). In his seventh issue, Perkins asserts the "retroactive validation" of his child
support obligation violates his right under the Texas Constitution to be free from
retroactive laws. See Tex. Const. art. I, § 16. 

 Citing In re A.D., 73 S.W.3d 244 (Tex. 2002), Perkins acknowledges in his brief
"that the holding of In re A.D. provides supreme and controlling authority to the Appellee
to counter Appellant's arguments as to Points of Error 4, 5, 6 and 7." In that case, the
Texas Supreme Court held that statutes authorizing the Attorney General to issue
administrative writs of withholding at any time until all current support and arrearages
have been paid do not violate the Texas Constitution's prohibition against retroactive laws. 
See In re A.D., 73 S.W.3d at 249-50; Tex. Fam. Code Ann. § 158.102 (Vernon 2003),
§ 158.502(a) (Vernon Supp. 2005). To the extent appellant makes the same arguments
rejected by the Texas Supreme Court in In re A.D., those arguments must be rejected by
this Court, as appellant apparently recognizes. In his brief he says he "submits these
points of error in anticipation of requesting the Texas Supreme Court to revisit and
reconsider the holding of In re A.D." His brief does not address the due process and due
course of law issues he raises, nor does he say that the "retroactive law" analysis under
the United States Constitution should be different from that under the Texas Constitution. 
See Tex. R. App. P. 38.1(h) (briefs must contain a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record). He provides
no argument for distinguishing In re A.D. Issues four, five, six and seven are overruled. 
 The judgment of the trial court is affirmed.

 AFFIRMED. 


 DAVID GAULTNEY

 Justice 


Submitted on July 21, 2005

Opinion Delivered August 31, 2005


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. The Texas Supreme Court has reserved the question of whether the dormancy
provisions apply to past-due child support. See Sprouse v. Sprouse, 92 S.W.3d 502, 502
(Tex. 2002); In re A.D., 73 S.W.3d 244, 249 (Tex. 2002). 

 Further, although not applicable to actions like this filed before June 18, 2005, the
effective date of the Act, the Legislature recently enacted legislation putting a ten-year
limit on the jurisdiction of a court to confirm the total amount of child support arrearage
and render judgment for past-due child support. See Act of May 29, 2005, 79th Leg.,
R.S., H.B. 260, § 21 (to be codified at Tex. Fam. Code Ann. § 157.005). 
2. Perkins argues issues two and three together in his brief, and the cases he cites 
address laches, abandonment, and limitations. See Caldwell v. Barnes, 975 S.W.2d 535, 538
(Tex. 1998)(citing Rogers v. Ricane Enterprises, Inc., 772 S.W.2d 76, 80 (Tex. 1989)). 
Perkins does not discuss abandonment. 

 We address Perkins's argument under section 31.006 of the Civil Practices and
Remedies Code in our disposition of issue one. See Tex. Civ. Prac. & Rem. Code Ann. §
31.006 (Vernon 1997).