Affirmed and Memorandum Opinion filed March 30, 2006









Affirmed
and Memorandum Opinion filed March 30, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01196-CV

____________

 

IN THE INTEREST OF J.M.D.

 



 

On Appeal from the 312th
District Court

Harris County, Texas

Cause No. 80-06931

 



 

M E M O R A N D U M   O P I N I O
N

In this case, an ex-husband appeals an
order granting judgment for child-support arrearages in favor of his
ex-wife.  The ex-husband asserts the
trial court erred in entering the order because (1) the underlying
child-support judgment was dormant and had not been timely revived; (2) waiver
and laches bar the ex-wife=s
recovery; and (3) the Texas Legislature=s
1997 amendment to section 158.102 of the Texas Family Code violates his
due-process and due-course-of-law rights as well as protections against
retroactive laws under the United States and Texas Constitutions.  We disagree and affirm the trial court=s judgment.








                        I. 
Factual and Procedural Background

Appellant Raymond
Robert Derr, Jr. and appellee Lanell Smith Anderson divorced in 1980.  They have one child, J.M.D., born on July 30,
1975.  The divorce decree required Derr
to pay to Anderson $200 of child support each month until J.M.D. turned eighteen.  Derr never paid any child support to
Anderson, and on April 15, 2003, Anderson sought to reduce the child-support
arrearages to judgment.  Anderson also
sought to enforce the judgment with a wage-withholding order. After a hearing,
the trial court signed an AOrder
Granting Judgment for Child Support Arrearages.@  In this order, the trial court rendered  judgment for the child-support arrearages,
interest, and attorney=s
fees totaling $93,698.24, as well as post-judgment interest.  The trial court ordered Derr to discharge the
judgment by paying $600 per month and ordered wage withholding.  Derr filed a motion for new trial asserting
the issues that he now presents on appeal. 
After a hearing, the trial court denied Derr=s motion for new trial.

                                II. 
Standard of Review

Derr preserved error on his issues
solely by his motion for new trial. 
Therefore, Derr must show that the trial court erred in denying his
motion for new trial.  We review the
trial court=s denial of Derr=s
motion for new trial under an abuse-of-discretion standard.  See Champion Int=l Corp. v. Twelfth Court of Appeals, 762 S.W.2d 898, 899 (Tex. 1988) (orig.
proceeding). 

                                III. 
Issues and Analysis

A.      Had the Achild support
order judgment@ become dormant under section 34.001 of
the Texas Civil Practice and Remedies Code so that it had to behad timely
revived under section 31.006 of the Texas Civil Practice and Remedies Code? 








In his first issue, Derr asserts that the Achild support
order judgment@ had become dormant ten years after the
court issued the divorce decree on July 7, 1980, ordering Derr to pay child
support.  If a writ of execution is not
issued within ten years after the rendition of a judgment, the judgment is
dormant and execution may not be issued on the judgment unless it is
revived.  Tex. Civ. Prac. & Rem. Code ' 34.001 (Vernon
1997).  A dormant judgment may be revived
by scire facias or by an action of debt brought not later than the second
anniversary of the date on which the judgment became dormant.  Tex.
Civ. Prac. & Rem. Code ' 31.006 (Vernon
1997).  The  Achild support
order judgment@ to which Derr refers is apparently the
part of the divorce decree that orders Derr to pay child support.  However, the divorce decree is not a
child-support judgment.  See In re
S.C.S., 48 S.W.3d 831, 836 (Tex. App.BHouston [14th
Dist.] 2001, pet. denied).  As this court
previously has held, the ten-year dormancy period under section 34.001 of the
Texas Civil Practice and Remedies Code does not come into play until
child-support arrearages are reduced to a judgment confirming the arrearages;
this dormancy period does not run from the date of the divorce decree or the
dates on which the child-support payments are due.  See Tex.
Civ. Prac. & Rem. Code ' 34.001; In re
S.C.S., 48 S.W.3d at 836.  Because
Derr=s child-support
arrearages were not reduced to a judgment until July 2003, his dormancy
argument fails.  See In re S.C.S.,
48 S.W.3d at 836.  Accordingly, we
overrule Derr=s first issue.

B.      Did the trial court abuse
its discretion in denying the ex-husband a new trial based on motionhis alleged
defenses of waiver and laches?

In his second and third issues, Derr
asserts he believed he no longer owed Anderson any money and that his
child-support obligation was no longer enforceable.  Derr contends Anderson delayed unconscionably
and lacked diligence in enforcing her rights. 
Therefore, Derr argues, Anderson is barred from recovery by the
doctrines of waiver and laches.  In his
brief, Derr cites no evidence in support of these arguments.  Derr attached no evidence to his motion for
new trial and presented none at the hearing on this motion.  The evidence at the hearing on Anderson=s motion for
enforcement did not establish the defenses of waiver and laches.  Therefore, the trial court did not abuse its
discretion in denying Derr=s motion for new
trial based on these defenses.  See In
re S.C.S., 48 S.W.3d at 836B37.  Accordingly, we overrule Derr=s second and third
issues.








C.      Did the Texas Legislature=s 1997 amendment
of section 158.102 of the Texas Family Code violate the ex-husband=s due-process and
due-course-of-law rights as well as his alleged right to be free from
retroactive laws under the United States and Texas Constitutions?

Anderson did not file her first motion
requesting a judicial wage-withholding order until April 2003.  As of August 2, 1997, which was more than
four years after J.M.D.=s eighteenth birthday and after the due
date of Derr=s final child-support payment, the Texas
Family Code provided that, if no prior wage-withholding order had been signed,
then the court retained jurisdiction to enter wage-withholding orders if the
motion requesting such relief was filed before the fourth anniversary of either
the date the child became an adult or the date the last child-support payment
was due.  See Act of July 16,
1989, 71st Leg., 1st C.S., ch. 25, ' 29, 1989 Tex.
Gen. Laws 74, 87 (former Tex. Fam. Code
' 14.43(r))
(repealed 1995) (current version at Tex.
Fam. Code Ann. ' 158.102 (Vernon 2002)).  Effective September 1, 1997, the Texas
Legislature amended this statute to allow for such orders Auntil all current
support and child support arrearages, interest, and any applicable fees and
costs, including ordered attorney=s fees and court
costs have been paid.@  See
Act of May 21, 1997, 75th Leg., R.S., ch. 911, ' 40, 1997 Tex.
Gen. Laws 2864, 2872B73 (amended 1999) (current version at Tex. Fam. Code Ann. ' 158.102)). 








In his fourth, fifth,
sixth, and seventh issues, Derr asserts that this 1997 amendment violated his
due-process and due-course-of-law rights as well as protections against retroactive laws under the United States and Texas
Constitutions.  However, Derr
presents his argument for these four issues together and the only analysis he
provides is under the prohibition against retroactive laws in the Texas
Constitution.[1]  See Tex.
Const. art. I, ' 16 (ANo . . .
retroactive law[] or any law impairing the obligation of contracts[] shall be
made.@).  Derr concedes that the Texas Supreme Court=s holding in In
re A.D. is controlling and contrary to his argument under these four
issues.  See In re A.D., 73 S.W.3d
244, 246B49 (Tex. 2002). In
In re A.D., the Texas Supreme Court concluded that statutes providing
time limits within which enforcement of an existing child-support liability may
be effected concern the trial court=s continuing
enforcement jurisdiction and do not affect substantive, vested rights.  See In re A.D., 73 S.W.3d at
248B49.  Therefore, the Texas Supreme Court held that
legislation amending such statutes to extend these time limits beyond the
fourth anniversary of the date on which the child in question became an adult
did not violate the Texas Constitution=s prohibition
against retroactive laws.  See Tex. Const. art. I, ' 16; In re A.D.,
73 S.W.3d at 248B49. 


The In re A.D. court
only addressed an assertion of unconstitutional retroactivity under the Texas
Constitution.  See In re A.D., 73
S.W.3d at 246B49. 
For this reason, Derr=s concession that
the In re A.D. court=s holding controls
the analysis of all four of his issues further confirms that Derr asserts the
same argument under article I, section 16 of the Texas Constitution as to all
four of these issues.  Because Derr presents
the same analysis under all four issues, we presume, without deciding, that the
analysis under each of these four arguments would be the analysis under article
I, section 16 of the Texas Constitution. 
We agree with Derr that In re A.D. is on point and controlling as
to this argument.  See In re
A.D., 73 S.W.3d at 248B49.  Derr asserts that he presents these four
issues to preserve error so that he can argue in the Texas Supreme Court that In
re A.D. should be overruled.  We
overrule Derr=s fourth, fifth, sixth, and seventh
issues.








Having overruled all of Derr=s issues, we
affirm the trial court=s judgment.

 

 

 

 

/s/      Kem
Thompson Frost

Justice

 

Judgment rendered
and Memorandum Opinion filed March 30, 2006.

Panel consists of Justices Hudson, Frost,
and Seymore.

 

 











[1]  Derr states in
passing that, on constitutional grounds, the United States Supreme Court has
struck down Texas laws that have been applied retroactively.  Derr cites only Carmell v. Texas, 529
U.S. 513, 120 S. Ct. 1620, 146 L. Ed. 2d 577 (2000).  However, in Carmell, the Court struck
down a penal statute for violating the ex post facto clause of the
United States Constitution.  See
Carmell, 529 U.S. at 516B35, 120 S. Ct. at 1624B33.  The ex post facto clause applies only
to penal statutes that
disadvantage an offender; it does not apply to civil statutes such as section
158.102 of the Texas Family Code.  See
Collins v. Youngblood, 497 U.S. 37, 41 & n.2, 110 S. Ct. 2715, 2719
& n.2, 111 L. Ed. 2d 30 (1990).