COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-08-022-CV

 

 

PATRICIA A. PACKARD                                                        APPELLANT

 

                                                      V.

 

REX V. DAVIS                                                                        APPELLEE

 

                                                  ------------

 

               FROM
THE 43RD DISTRICT COURT OF PARKER COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

                                                        

                                                  ------------

I.  Introduction








Appellant Patricia A. Packard
appeals the trial court=s
enforcement order determining that Appellee Rex V. Davis owes a child support
arrearage of $19,614.46 inclusive of interest and costs.  In two issues, Patricia claims that the trial
court abused its discretion by determining that this arrearage amount was
inclusive of interest and costs and by ordering that each party is responsible
for his or her own attorney=s fees.  We will affirm.

II.  Factual and Procedural Background

Patricia and Rex divorced in
1978.  During the marriage, the couple
had a daughter and a son.  The agreed
decree of divorce ordered Rex to pay child support until the youngest child
reached the age of eighteen or was Aotherwise emancipated.@  In 1988, the trial court held
Rex in contempt for failure to pay child support in the amount of $3,750 and
issued a withholding order to collect the child support.  Thereafter, Rex=s youngest child reached the age of eighteen in 1991 and graduated
from high school in 1992. 








Thirteen years elapsed, and
in May 2005, Patricia=s attorney
requested reissuance of the 1988 contempt order, and the Parker County District
Clerk=s office reissued the order to Rex=s employer to withhold child support from his paychecks.  Rex responded with a motion to terminate the
1988 order and the notice to withhold. 
Patricia countered by filing a July 7, 2005 ACounter-Motion to Confirm Child Support Arrearage.@  Rex answered, challenging the
trial court=s
jurisdiction to confirm any child support arrearage.  The trial court thereafter stayed the
withholding order, ordered Rex to make payments into the court=s registry, and asked the parties to submit briefs on the legal issues
in the case.  Ultimately, the trial court
denied Rex=s petition
to terminate the withholding provision from the 1988 contempt order[2]
and set the case for an evidentiary hearing Ato determine the amount of arrearage due.@ 








The question of what child
support payments had been made by Rex was hotly contested.[3]  Patricia testified that she had received only
fourteen payments that Rex made through the Parker County child support office,
that she did not receive any payments directly from Rex, and that she had not
received a payment from Rex since 1989. 
Rex, however, testified that he made payments directly to Patricia
because she said that she needed the money faster than the child support office
could get it to her.  Rex claimed that in
1988, the trial court had found that he had made payments directly to Patricia
because there were canceled checks; Rex pointed to the fact that at that time,
his arrearage was only $3,750 despite the fact that the administrative payments
records reflected only fourteen payments made by him since the 1978
divorce.  Rex testified that Patricia
never called to say that she had not received a payment and never tried to
collect this alleged arrearage between 1988 and 2005.  According to Rex, he had paid all of his
child support obligation and then some.[4]  Rex=s wife, Janice, testified that she had sent checks to Patricia until
the youngest child turned eighteen; she explained that they no longer had
records of those payments because she and Rex had remodeled their home and at
that time had discarded the old canceled child support checks.

After hearing this evidence,
the trial court found that the total amount of the arrearage was A$21,014.46, inclusive of interest and costs, as of July 31, 2007A and that Rex had made $1,400 in payments to the court registry,
leaving a total balance of $19,614.46. 
The trial court=s
enforcement order required Rex to pay $350 per month to Patricia and contained
a provision ordering any employer of Rex to withhold from Rex=s earnings this monthly child support payment.  The trial court also entered an employer=s order to withhold from earnings for child support arrearages.  The trial court did not make findings of fact
or conclusions of law.

Patricia filed a notice of
appeal, challenging the trial court=s order confirming the child support arrearage because it failed to
award her interest, reasonable attorney=s fees, and court costs. 

 








III.  Jurisdiction

Before reaching the merits of
Patricia=s arguments, we must address whether the trial court had jurisdiction
to sign an enforcement order and a wage withholding order.  Rex argues here, as he did in the trial
court, that the trial court did not have jurisdiction to determine the
arrearage owing, if any, under the version of section 157.005(b) of the Texas
Family Code that was in effect at the time Patricia filed her motion to enforce
requesting wage withholding.[5]


The version of section
157.005(b) in effect when Patricia filed her ACounter-Motion to Confirm Child Support Arrearage@ provided, in pertinent part,

(b)
The court retains jurisdiction to confirm the total amount of child support
arrearages and render judgment for past-due child support if a motion for
enforcement requesting a money judgment is filed not later than the 10th
anniversary after the date:

 

(1)
the child becomes an adult; or

 

(2)
on which the child support obligation terminates under the child support order
or by operation of law.

 








Act of May 29, 2005, 79th Leg., R.S., ch. 916, ' 21, 2005 Tex. Gen. Laws 3148, 3155 (amended 2007) (current version at
Tex. Fam. Code Ann. ' 157.005(b)
(Vernon 2002)).  Rex claims that under
this provision, Patricia was required to file her countermotion within ten
years of the emancipation of their youngest child, which she did not do.








The trial court here,
however, signed an enforcement order and an order for wage withholding under
chapter 158 of the family code;[6]
it did not render a cumulative judgment for past-due child support as
prohibited by section 157.005(b).  And in
1997, the legislature amended family code section 158.102 to delete a four-year
jurisdictional deadline imposed upon trial courts to enforce child support
obligations through income withholding and stated that such amendment applies
to any suit not already pending as of the effective date of the
legislation.  See Act of May 21,
1997, 75th Leg., R.S., ch. 911, ' 40, 1997 Tex. Gen. Laws 2864, 2872B73 (current version at Tex. Fam. Code Ann. ' 158.102 (Vernon 2002)). Thus, section 158.102 now contains no
express deadline on the trial court=s jurisdiction to enter an order that provides for income withholding
and authorizes the entry of such an order Auntil all current support and child support arrearages, interest, and
any applicable fees and costs have been paid.@  Tex. Fam. Code Ann. ' 158.102; accord In re A.D., 73 S.W.3d 244, 249 (Tex. 2002)
(recognizing that administrative wage withholding by the Attorney General=s office is available regardless of how long an obligor has avoided
his court-ordered support duty); Attorney Gen. v. Redding, 60 S.W.3d
891, 895 (Tex. App.CDallas 2001,
no pet.) (same).  We thus hold that,
based on the plain language of family code section 158.102, the trial court
possessed jurisdiction to sign an enforcement order and to order wage
withholding.  See, e.g., Tex. Fam.
Code Ann. '' 158.102,
157.269; Tex. Gov=t Code Ann. ' 311.011 (Vernon 2005).  And Rex
does not argue that his child support obligation was extinguished for reasons
other than family code section 157.005(b)=s jurisdictional limitation, so we need not address any other possible
arguments.  See In re A.D., 73
S.W.3d at 249; see also Burnett-Dunham v. Spurgin, 245 S.W.3d 14, 15, 18
(Tex. App.CDallas 2007,
pet. filed) (applying affirmative defense of residual statute of limitations
when pleaded by respondent in child support arrearage suit).  Thus, the trial court also had jurisdiction
to award interest, attorney=s fees, and costs.

IV.  Interest, Costs, and Attorney=s Fees 








Patricia contends that the
trial court abused its discretion by concluding that the arrearage of
$19,614.46 was inclusive of interest and costs and by ordering each party to
bear his or her own attorney=s fees.  Generally, child
support issues are reviewed under the abuse of discretion standard.  See Lindsey v. Lindsey, 965 S.W.2d
589, 592 (Tex. App.CEl Paso
1998, no pet.).  In determining whether
an abuse of discretion has occurred, the question is not whether the reviewing
court would make the same decision given the same facts and circumstances as
presented in the trial court but whether the trial court acted without
reference to any guiding rules and principles. 
Duran v. Garcia, 224 S.W.3d 309, 313 (Tex. App.CEl Paso 2005, no pet.).  The
trial court does not abuse its discretion if it bases its decision to award
arrears on conflicting evidence and some evidence supports its decision.  See George v. Jeppeson,  238 S.W.3d 463, 474 (Tex. App.CHouston [1st Dist.] 2007, no pet.).








Here, the amount of the
arrearage purportedly owed by Rex was hotly contested.  Rex and his wife Janice both claimed that
they had paid Patricia directly, at her request.  This testimony is consistent with evidence in
the record that in 1988, the trial court calculated Rex=s arrearage at an amount well below the arrearage that would be due if
the only payments he had made were those reflected in the administrative
payment records.  Additionally, Patricia
offered no cogent explanation for her decision to wait until 2005, until the
children were thirty-five and thirty-eight, to request payment of child support
she claims she did not receive from 1989 through 1992.  She said that she had waited because A[i]t was the right thing to do.@  Applying the abuse of
discretion standard to the trial court=s decision that the unpaid arrearage owed by Rex was $19,614.46
inclusive of interest and costs, we hold that because some evidence supports
the trial court=s implied
finding that Rex in fact made some direct payments to Patricia, the trial court
did not abuse its discretion by determining that the total arrearage owed by
Rex was $19,614.46 inclusive of interest and costs.  See id. (deferring to trial court=s implied factual resolution and the resulting determination that wife
failed to meet her burden of proof when she moved the trial court to confirm
the arrearage that she claimed was due and owing by her ex-husband under their
1997 decree); see also Longhurst v. Clark, No. 01-07-00226-CV, 2008 WL
3876175, at *9 (Tex. App.CHouston [1st
Dist.] Aug. 21, 2008, no pet.) (mem. op.) (holding that there was some evidence
to support trial court=s finding
that ex-husband owed $298,835 on arrearages from 1992 when trial court took
judicial notice of its 1992 Texas order). 
We overrule Patricia=s first issue.








Patricia next claims that the
trial court abused its discretion by failing to award her attorney=s fees.  Patricia=s attorney testified that he was hired by Child Support Network and
that they were responsible for his attorney=s fees.  He also testified that
the Child Support Network takes these types of cases on a contingency fee and
that his fee Awill come
out of her child support, ultimately.@  Patricia=s attorney testified that he had spent 71.4 hours on the case, billed
$200 per hour, and claims he was entitled to $14,280 in attorney=s fees.

As noted above, by the time
Patricia filed her countermotion to enforce, the trial court had lost
jurisdiction to enforce any past due child support payments owed by Rex via a
money judgment.  See Act of May
29, 2005, 79th Leg., R.S., ch. 916, ' 21, 2005 Tex. Gen. Laws 3148, 3155 (amended 2007) (current version at
Tex. Fam. Code Ann. ' 157.005(b)).  The trial court had not, however, lost
jurisdiction to enforce past due child support via a wage withholding
order.  See Tex. Fam. Code Ann. ' 158.102; In re A.D., 73 S.W.3d at 249.  When entering such an order, the trial court
is not required to also order wage withholding for attorney=s fees.  See Tex. Fam.
Code Ann. 

' 158.0051 (Vernon 2002) (providing that the trial court may
include an award of attorney=s fees in a wage withholding order). 
Consequently, even if the trial court erred or abused its discretion by
ordering that each party bear his or her own attorney=s fees, no harm occurred here because the trial court possessed
discretion in any event to not include attorney=s fees in the ordered wage withholding (the only enforcement procedure
sought by Patricia for which the trial court possessed jurisdiction to
grant).  We overrule Patricia=s second issue.

 

 








V.  Conclusion

Having overruled both of
Patricia=s issues, we affirm the trial court=s order.

 

SUE WALKER

JUSTICE

 

PANEL:
LIVINGSTON, DAUPHINOT, and WALKER, JJ.

 

DELIVERED:
November 13, 2008

 

 

 











[1]See Tex.
R. App. P. 47.4.





[2]Neither
party challenges the 1988 wage withholding order on appeal.





[3]Patricia
claims there was a stipulation on this issue, but the record reflects that Rex
stipulated only to the amount of payments he made through the child support
office and that Rex claimed he made additional, direct payments to Patricia. 





[4]The
evidence revealed that Rex was currently making his daughter=s
student loan payments. 





[5]Rex
did not file his own notice of appeal. 





[6]Section
157.001(c) specifically authorizes an enforcement action under either chapter
157 or chapter 158.  Tex. Fam. Code Ann. ' 157.001(c)
(Vernon 2002).