COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-08-022-CV

PATRICIA A. PACKARD                                                     APPELLANT

V.

REX V. DAVIS                                                              APPELLEE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

**MEMORANDUM OPINION**[1]

------------

## I. INTRODUCTION

Appellant Patricia A. Packard appeals the trial court's enforcement order determining that Appellee Rex V. Davis owes a child support arrearage of $19,614.46 inclusive of interest and costs.  In two issues, Patricia claims that the trial court abused its discretion by determining that this arrearage amount

---

[1] *See* Tex. R. App. P. 47.4.

was inclusive of interest and costs and by ordering that each party is responsible for his or her own attorney's fees. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Patricia and Rex divorced in 1978. During the marriage, the couple had a daughter and a son. The agreed decree of divorce ordered Rex to pay child support until the youngest child reached the age of eighteen or was "otherwise emancipated." In 1988, the trial court held Rex in contempt for failure to pay child support in the amount of $3,750 and issued a withholding order to collect the child support. Thereafter, Rex's youngest child reached the age of eighteen in 1991 and graduated from high school in 1992.

Thirteen years elapsed, and in May 2005, Patricia's attorney requested reissuance of the 1988 contempt order, and the Parker County District Clerk's office reissued the order to Rex's employer to withhold child support from his paychecks. Rex responded with a motion to terminate the 1988 order and the notice to withhold. Patricia countered by filing a July 7, 2005 "Counter-Motion to Confirm Child Support Arrearage." Rex answered, challenging the trial court's jurisdiction to confirm any child support arrearage. The trial court thereafter stayed the withholding order, ordered Rex to make payments into the court's registry, and asked the parties to submit briefs on the legal issues in the case. Ultimately, the trial court denied Rex's petition to terminate the

2

withholding provision from the 1988 contempt order[2] and set the case for an evidentiary hearing "to determine the amount of arrearage due."

The question of what child support payments had been made by Rex was hotly contested.[3] Patricia testified that she had received only fourteen payments that Rex made through the Parker County child support office, that she did not receive any payments directly from Rex, and that she had not received a payment from Rex since 1989. Rex, however, testified that he made payments directly to Patricia because she said that she needed the money faster than the child support office could get it to her. Rex claimed that in 1988, the trial court had found that he had made payments directly to Patricia because there were canceled checks; Rex pointed to the fact that at that time, his arrearage was only $3,750 despite the fact that the administrative payments records reflected only fourteen payments made by him since the 1978 divorce. Rex testified that Patricia never called to say that she had not received a payment and never tried to collect this alleged arrearage between 1988 and 2005. According to Rex, he had paid all of his child support

---

[2] Neither party challenges the 1988 wage withholding order on appeal.

[3] Patricia claims there was a stipulation on this issue, but the record reflects that Rex stipulated only to the amount of payments he made through the child support office and that Rex claimed he made additional, direct payments to Patricia.

obligation and then some.[4]  Rex's wife, Janice, testified that she had sent checks to Patricia until the youngest child turned eighteen; she explained that they no longer had records of those payments because she and Rex had remodeled their home and at that time had discarded the old canceled child support checks.

After hearing this evidence, the trial court found that the total amount of the arrearage was "$21,014.46, inclusive of interest and costs, as of July 31, 2007" and that Rex had made $1,400 in payments to the court registry, leaving a total balance of $19,614.46.  The trial court's enforcement order required Rex to pay $350 per month to Patricia and contained a provision ordering any employer of Rex to withhold from Rex's earnings this monthly child support payment.  The trial court also entered an employer's order to withhold from earnings for child support arrearages.  The trial court did not make findings of fact or conclusions of law.

Patricia filed a notice of appeal, challenging the trial court's order confirming the child support arrearage because it failed to award her interest, reasonable attorney's fees, and court costs.

---

[4] The evidence revealed that Rex was currently making his daughter's student loan payments.

4

## III. JURISDICTION

Before reaching the merits of Patricia's arguments, we must address whether the trial court had jurisdiction to sign an enforcement order and a wage withholding order. Rex argues here, as he did in the trial court, that the trial court did not have jurisdiction to determine the arrearage owing, if any, under the version of section 157.005(b) of the Texas Family Code that was in effect at the time Patricia filed her motion to enforce requesting wage withholding.[5]

The version of section 157.005(b) in effect when Patricia filed her "Counter-Motion to Confirm Child Support Arrearage" provided, in pertinent part,

> (b) The court retains jurisdiction to confirm the total amount of child support arrearages and render judgment for past-due child support if a motion for enforcement requesting a money judgment is filed not later than the 10th anniversary after the date:
>
> (1) the child becomes an adult; or
>
> (2) on which the child support obligation terminates under the child support order or by operation of law.

Act of May 29, 2005, 79th Leg., R.S., ch. 916, § 21, 2005 Tex. Gen. Laws 3148, 3155 (amended 2007) (current version at Tex. Fam. Code Ann. § 157.005(b) (Vernon 2002)). Rex claims that under this provision, Patricia

---

[5] Rex did not file his own notice of appeal.

was required to file her countermotion within ten years of the emancipation of their youngest child, which she did not do.

The trial court here, however, signed an enforcement order and an order for wage withholding under chapter 158 of the family code;[6] it did not render a cumulative judgment for past-due child support as prohibited by section 157.005(b). And in 1997, the legislature amended family code section 158.102 to delete a four-year jurisdictional deadline imposed upon trial courts to enforce child support obligations through income withholding and stated that such amendment applies to any suit not already pending as of the effective date of the legislation. *See* Act of May 21, 1997, 75th Leg., R.S., ch. 911, § 40, 1997 Tex. Gen. Laws 2864, 2872–73 (current version at Tex. Fam. Code Ann. § 158.102 (Vernon 2002)). Thus, section 158.102 now contains no express deadline on the trial court's jurisdiction to enter an order that provides for income withholding and authorizes the entry of such an order "until all current support and child support arrearages, interest, and any applicable fees and costs have been paid." Tex. Fam. Code Ann. § 158.102; *accord In re A.D.*, 73 S.W.3d 244, 249 (Tex. 2002) (recognizing that administrative wage

---

[6] Section 157.001(c) specifically authorizes an enforcement action under either chapter 157 or chapter 158. Tex. Fam. Code Ann. § 157.001(c) (Vernon 2002).

withholding by the Attorney General's office is available regardless of how long an obligor has avoided his court-ordered support duty); *Attorney Gen. v. Redding*, 60 S.W.3d 891, 895 (Tex. App.—Dallas 2001, no pet.) (same). We thus hold that, based on the plain language of family code section 158.102, the trial court possessed jurisdiction to sign an enforcement order and to order wage withholding. *See, e.g.*, Tex. Fam. Code Ann. §§ 158.102, 157.269; Tex. Gov't Code Ann. § 311.011 (Vernon 2005). And Rex does not argue that his child support obligation was extinguished for reasons other than family code section 157.005(b)'s jurisdictional limitation, so we need not address any other possible arguments. *See In re A.D.*, 73 S.W.3d at 249; *see also Burnett-Dunham v. Spurgin*, 245 S.W.3d 14, 15, 18 (Tex. App.—Dallas 2007, pet. filed) (applying affirmative defense of residual statute of limitations when pleaded by respondent in child support arrearage suit). Thus, the trial court also had jurisdiction to award interest, attorney's fees, and costs.

## IV. INTEREST, COSTS, AND ATTORNEY'S FEES

Patricia contends that the trial court abused its discretion by concluding that the arrearage of $19,614.46 was inclusive of interest and costs and by ordering each party to bear his or her own attorney's fees. Generally, child support issues are reviewed under the abuse of discretion standard. *See Lindsey v. Lindsey*, 965 S.W.2d 589, 592 (Tex. App.—El Paso 1998, no pet.).

7

In determining whether an abuse of discretion has occurred, the question is not whether the reviewing court would make the same decision given the same facts and circumstances as presented in the trial court but whether the trial court acted without reference to any guiding rules and principles. *Duran v. Garcia*, 224 S.W.3d 309, 313 (Tex. App.—El Paso 2005, no pet.). The trial court does not abuse its discretion if it bases its decision to award arrears on conflicting evidence and some evidence supports its decision. *See George v. Jeppeson*, 238 S.W.3d 463, 474 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Here, the amount of the arrearage purportedly owed by Rex was hotly contested. Rex and his wife Janice both claimed that they had paid Patricia directly, at her request. This testimony is consistent with evidence in the record that in 1988, the trial court calculated Rex's arrearage at an amount well below the arrearage that would be due if the only payments he had made were those reflected in the administrative payment records. Additionally, Patricia offered no cogent explanation for her decision to wait until 2005, until the children were thirty-five and thirty-eight, to request payment of child support she claims she did not receive from 1989 through 1992. She said that she had waited because "[i]t was the right thing to do." Applying the abuse of discretion standard to the trial court's decision that the unpaid arrearage owed

8

by Rex was $19,614.46 inclusive of interest and costs, we hold that because some evidence supports the trial court's implied finding that Rex in fact made some direct payments to Patricia, the trial court did not abuse its discretion by determining that the total arrearage owed by Rex was $19,614.46 inclusive of interest and costs. *See id.* (deferring to trial court's implied factual resolution and the resulting determination that wife failed to meet her burden of proof when she moved the trial court to confirm the arrearage that she claimed was due and owing by her ex-husband under their 1997 decree); *see also Longhurst v. Clark*, No. 01-07-00226-CV, 2008 WL 3876175, at *9 (Tex. App.—Houston [1st Dist.] Aug. 21, 2008, no pet.) (mem. op.) (holding that there was some evidence to support trial court's finding that ex-husband owed $298,835 on arrearages from 1992 when trial court took judicial notice of its 1992 Texas order). We overrule Patricia's first issue.

Patricia next claims that the trial court abused its discretion by failing to award her attorney's fees. Patricia's attorney testified that he was hired by Child Support Network and that they were responsible for his attorney's fees. He also testified that the Child Support Network takes these types of cases on a contingency fee and that his fee "will come out of her child support, ultimately." Patricia's attorney testified that he had spent 71.4 hours on the

9

case, billed $200 per hour, and claims he was entitled to $14,280 in attorney's fees.

As noted above, by the time Patricia filed her countermotion to enforce, the trial court had lost jurisdiction to enforce any past due child support payments owed by Rex via a money judgment. *See* Act of May 29, 2005, 79th Leg., R.S., ch. 916, § 21, 2005 Tex. Gen. Laws 3148, 3155 (amended 2007) (current version at Tex. Fam. Code Ann. § 157.005(b)). The trial court had not, however, lost jurisdiction to enforce past due child support via a wage withholding order. *See* Tex. Fam. Code Ann. § 158.102; *In re A.D.*, 73 S.W.3d at 249. When entering such an order, the trial court is not required to also order wage withholding for attorney's fees. *See* Tex. Fam. Code Ann. § 158.0051 (Vernon 2002) (providing that the trial court *may* include an award of attorney's fees in a wage withholding order). Consequently, even if the trial court erred or abused its discretion by ordering that each party bear his or her own attorney's fees, no harm occurred here because the trial court possessed discretion in any event to not include attorney's fees in the ordered wage withholding (the only enforcement procedure sought by Patricia for which the trial court possessed jurisdiction to grant). We overrule Patricia's second issue.

10

## V. CONCLUSION

Having overruled both of Patricia's issues, we affirm the trial court's order.

SUE WALKER
JUSTICE

PANEL: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DELIVERED: November 13, 2008

11