**Tommy Norman CADE, Appellant**

v.

**Beverly STEVENS, Appellee.**

**No. 05–05–00387–CV.**

Court of Appeals of Texas, Dallas.

Nov. 20, 2006.

Charles Todd Tefteller, Law Offices of Todd Tefteller, Gilmer, for Appellant.

Karen L. Marvel, Steven Alan Sinkin, Law Office of Sinkin & Barretto, P.L.L.C., San Antonio, for Appellee.

Before Justices WHITTINGTON, BRIDGES, and RICHTER.

## OPINION

Opinion by Justice BRIDGES.

Tommy Norman Cade appeals the trial court's order rendering a cumulative money judgment for child support arrearages in favor of Beverly Stevens. In three points of error, Cade argues the underlying judgment for unpaid child support was dormant and was not revived, the award is an unconstitutional award of pre-judgment interest on a dormant judgment, and the trial court erred in awarding Stevens attorney's fees. We vacate the trial court's order and render judgment that Stevens take nothing on her claims.

Cade and Stevens divorced in March 1971. During the marriage, they had two children, A.L.C., born July 18, 1967, and S.D.C., born July 12, 1968. In August 1976, Cade's parental rights were terminated, and the children were adopted by Donald J. Louden, Jr. On February 16, 1977, Stevens obtained a judgment of $5747 against Cade for unpaid child support. Stevens took no action to enforce the judgment for twenty-seven years until she applied for services with the Office of the Attorney General (OAG) on January 14, 2004. On February 16, 2004, Stevens' attorneys filed a notice of application for judicial writ of withholding of child support arrears in the amount of $63,907.39. Subsequently, Stevens' attorneys filed a motion for cumulative judgment of child support arrears seeking a $63,907.39 judgment against Cade in favor of Stevens, plus attorney's fees. The OAG did not participate in either the notice or motion seeking child support arrears. On December 17, 2004, the trial court issued an order awarding Stevens $65,632.22 in arrearages and accrued interest, plus $6812.50 in attorney's fees. This appeal followed.

In his first point of error, Cade argues the trial court erred in entering its order awarding unpaid child support and in refusing to stay or withdraw all writs of income withholding. Specifically, Cade asserts the 1977 judgment for unpaid child support is dormant and could not be revived. If a writ of execution is not issued within ten years after the rendition of a judgment, the judgment is dormant and execution may not be issued on the judgment unless it is revived. TEX. CIV. PRAC. & REM.CODE ANN. § 34.001 (Vernon 1997). A dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant. TEX. CIV. PRAC. & REM.CODE ANN. § 31.006 (Vernon 1997). The ten-year dormancy period begins to run from the day when the trial court signs the judgment confirming the child support arrearages. *In re S.C.S.*, 48 S.W.3d 831, 836 (Tex.App.-Houston [14th Dist.] 2001, pet. denied); *In re Kuykendall*, 957 S.W.2d 907, 910 (Tex. App.-Texarkana 1997, no pet.). However, the limitations defense provided by section 31.006 is not applicable to an action brought by the OAG to enforce child support because the OAG is asserting a right of action of the State. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.061 (Vernon Supp. 2006); *In re T.L.K.*, 90 S.W.3d 833, 840 (Tex.App.-San Antonio 2002, no pet.)

■ In this case, Cade's parental rights were terminated in August 1976, and his child support arrearages were reduced to judgment on February 16, 1977. Termination of parental rights also terminates parental duties including the duty to provide support in the future. *Swate v. Swate,* 72 S.W.3d 763, 771 (Tex.App.-Waco 2002, pet. denied). Thus, the 1977 judgment reduced all unpaid child support to judgment. Not until twenty-seven years later did Stevens take any further action to collect the arrearages. We conclude the judgment had become dormant by that time, and the law does not provide any means for Stevens to revive it. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 31.006, 34.001 (Vernon 1997).

As Stevens points out, the OAG is not subject to the dormancy statute. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.061 (Vernon Supp.2006); *In re T.L.K.,* 90 S.W.3d at 840. However, the record shows Stevens merely applied for child support collection services with the OAG in January 2004, thereby assigning her right to child support to the OAG. Tex. Fam.Code Ann. § 231.104(b) (Vernon Supp.2006). After assigning her right to child support away, Stevens proceeded independently to seek a judicial writ of withholding and cumulative judgment of child support arrears against Cade. The record reflects that the OAG did not file any of the pleadings in the underlying case and is not a party to this appeal.[1] In the absence of action by the OAG, the 1977 judgment was not revived, and the trial court therefore erred in issuing a judicial writ of withholding and cumulative judgment of child support arrears. *See* Tex. Civ. Prac. & Rem.Code Ann.

§§ 31.006, 34.001 (Vernon 1997). We sustain Cade's first point of error. Because of our disposition of Cade's first point of error, we need not address his remaining points of error.

We vacate the trial court's December 17, 2004 order and render judgment that Stevens take nothing on her claims.

---

**1.** A representative of the OAG was present at trial and provided certain interest calcula-

tions which the trial court declined to follow.