**Iris BURNETT–DUNHAM, Appellant,**

v.

**Cardis SPURGIN, Appellee.**

No. 05–06–01190–CV.

Court of Appeals of Texas, Dallas.

Dec. 11, 2007.

Steven Alan Sinkin, Sinkin & Barretto P.L.L.C., Karen L. Marvel, Law Office of Sinkin & Barretto, P.L.L.C., San Antonio, for appellant.

Georganna L. Simpson, Law Office of Georganna L. Simpson, Dallas, Carmen C. Urias, Law Office of Carmen C. Urias, P.C., Jeremy C. Martin, Irving, for appellee.

Before Justices O'NEILL, RICHTER, and LANG.

## OPINION

Opinion by Justice O'NEILL.

The question presented in this appeal is whether Texas Family Code section 157.005 or Texas Civil Practice and Remedies Code sections 31.006 and 34.001 limit a trial court's jurisdiction to enforce past due child support obligations. Appellant Iris Burnett–Dunham asserts the judgment adjudicating child support obligations is the divorce judgment; therefore, a subsequent, single cumulative judgment is not required under chapter 157 and section 157.005(b)'s ten-year limitation does not apply to judicial writs of income withholding, child support liens, or levies. She further argues the trial court incorrectly determined it was without jurisdiction to determine arrearages because chapter 158 of the family code gives a trial court jurisdiction over income withholding until all child support obligations are paid.

Appellee Cardis Spurgin responds the ten-year limitation in section 157.005(b) applies to chapter 157 and 158; therefore, time has expired for Burnett–Dunham to collect child support by a judicial writ of income withholding, child support lien, or levy. Alternatively, he contends Texas Civil Practice and Remedies Code sections 31.006 and 34.001, which involve dormant judgments, bar her attempts to claim child

support arrearages. We affirm the trial court's order.

## Background

Burnett–Dunham and Spurgin divorced in December of 1967. The trial court awarded custody of the two children, who were six and eight years old, to Burnett–Dunham and ordered Spurgin to pay thirty dollars per week in child support until the youngest child reached the age of eighteen. After 1967, the court issued no further orders modifying child support payments. Not until March 21, 2006, when the children were in their forties, did Burnett–Dunham file a notice of application for judicial writ of withholding and a child support lien seeking $245,324.69 in unpaid child support. Spurgin filed a motion to stay issuance of the withholding contending the amount of arrearages was incorrect, the action was barred by section 157.005 of the family code, and the order was incapable of enforcement because it was ambiguous. He also filed a motion for release of the lien claiming sections 157.313 and 157.327 of the family code required the notice to include an order determining arrearages, which never occurred.

After a hearing on these two motions, the court determined section 157.327 was not available to Burnett–Dunham, and it did not have jurisdiction to determine arrearages. Thus, the trial court dismissed the notice of application for judicial writ of income withholding and the notice of child support lien. This appeal followed.

## Standard of Review

Burnett–Dunham asserts "child support arrearages are reviewed under an abuse of discretion standard." *See Beck v. Walker,* 154 S.W.3d 895, 901 (Tex.App.-Dallas 2005, no pet.). The arguments presented, however, involve statutory con-

struction, which is a question of law. *New Times, Inc. v. Doe*, 183 S.W.3d 122, 124 (Tex.App.-Dallas 2006, no pet.). Thus, a de novo review is appropriate. *Id.*

### Discussion

■ Spurgin argues Texas Civil Practice and Remedies Code sections 31.006 and 34.001 apply to past-due child support and bar Burnett–Dunham's actions. Burnett–Dunham responds he failed to plead the statute of limitations defense; therefore, the issue is waived. After reviewing the record, we conclude the issue was tried by consent. *Emerson Elec. Co. v. Am. Permanent Ware Co.*, 201 S.W.3d 301, 309 (Tex.App.-Dallas 2006, no pet.) (noting a party's unpleaded issue may be tried by consent when evidence on the issue is developed under circumstances indicating both parties understood the issue was in the case, and the other party failed to make an appropriate complaint).[1] Therefore, concluding this argument is dispositive, we will address it first. *See* TEX. R.APP. P. 47.1.

Our primary objective when construing a statute is to ascertain and give effect to the legislature's intent. *Coleman v. Coleman*, 170 S.W.3d 231, 235–36 (Tex.App.-Dallas 2005, pet. denied). We look first to the plain and common meaning of the language of the statute. TEX. GOV'T CODE ANN. § 311.011 (Vernon 2005). We must read the statute as a whole and not just in isolated portions. *Tex. Dep't. of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex.2004). Courts should give effect to "every sentence, clause, and word of a statute so that no part thereof [will] be rendered superfluous." *Russell v. Wen-*

dy's Int'l., Inc., 219 S.W.3d 629, 638–39 (Tex.App.-Dallas 2007, pet. dism'd). When interpreting a statute, it is presumed the entire statute is intended to be effective. TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 2005). We also consider the objective the law seeks to obtain and the consequences of a particular construction. *Coleman*, 170 S.W.3d at 236. Finally, we do not give a statute meaning that conflicts with other provisions if we can reasonably harmonize the provisions. *Id.*

■ Texas Family Code section 157.261(a) provides "a child support payment not timely made constitutes a final judgment for the amount due and owing, including interest as provided in this chapter." TEX. FAM.CODE ANN. § 157.261(a) (Vernon 2002). The plain and common meaning of the statute is clear: once a child support payment is overdue, it becomes a final judgment. "Final judgment" is defined as "a court's last action that settles the rights of the parties and disposes of all issues in controversy...." BLACK'S LAW DICTIONARY 847 (7th ed.1999). We presume the legislature knows the meaning of "final judgment," and there is nothing within the statute implying the legislature intended "final judgment" to have a different meaning within the context of the family code. *See* TEX. GOV'T CODE ANN. § 311.011.

We recognize the Texarkana Court of Appeals first reached a different conclusion in *In re Kuykendall*, 957 S.W.2d 907, 910 (Tex.App.-Texarkana 1997, no pet), holding "although labeled as 'final judgments' in the family code, the individual monthly arrearages are not final judgments to which the dormancy statute

---

1. Although the record from the hearing does not include a specific reference to Texas Civil Practice and Remedies Code section 34.001, Spurgin's counsel made an argument involving an unpublished case where judgments subject to the dormancy statutes were analyzed. Burnett–Dunham stated she was "familiar with the concept." We interpret this argument to invoke Texas Civil Practice and Remedies Code section 34.001.

should be applied," and two other appellate courts have followed. *See also In re T.L.K.*, 90 S.W.3d 833, 838–39 (Tex.App.-San Antonio 2002, no pet.) (adopting holding in *Kuykendall*); *In re S.C.S.*, 48 S.W.3d 831, 835–36 (Tex.App.-Houston [14th Dist.] 2001, pet. denied) (same). We are not persuaded by our sister courts of appeal that "final judgment," within the context of the family code, means not final; therefore, we respectfully disagree with these courts' holdings. Because the Supreme Court of Texas has specifically not ruled on this issue, we are not bound by these courts. *In re A.D.*, 73 S.W.3d 244, 249 (Tex.2002) ("[W]e need not decide whether sections 31.006 and 34.001 of the Texas Civil Practice and Remedies Code limit enforcement of [appellant's] child support obligations . . . ."); *see also Cantu v. Peacher*, 53 S.W.3d 5, 13 (Tex.App.-San Antonio 2001, pet. denied) (holding court of appeals is duty-bound to follow holdings of *supreme court and not those of sister courts of appeals*).

Spurgin's obligation to make weekly child support payments ended when his youngest son turned eighteen on March 27, 1979. Because we conclude section 157.261 applies, the final missed payment became a final judgment at that time. Texas Civil Practice and Remedies Code section 34.001(a) provides if a writ of execution is not issued within ten years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued unless it is revived. Tex. Civ. Prac. & Rem.Code Ann. § 34.001 (Vernon 1997). A dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date the judgment becomes dormant, nei-

ther of which occurred in this case. *Id.* § 31.006. Thus, the civil practice and remedies code provides a twelve-year "residual" limitations period for final judgments.

This Court recently applied the dormancy statutes to past due child support and concluded twenty-seven years was too long to wait and attempt to collect it. *Cade v. Stevens*, 207 S.W.3d 909, 911 (Tex.App.-Dallas 2006, no pet.). In *Cade*, the mother obtained a judgment for support arrearages in 1977; however, she did not file an application for judicial writ of withholding until 2004. *Id.* We concluded the ten-year dormancy period began to run from the day the trial court signed the judgment confirming the child support arrearages. *Id.* Thus, the 1977 judgment reduced unpaid support to a final judgment, the ten-year dormancy statute ran, no action revived the judgment, and the mother failed to timely take actions to collect on it. *Id.* at 911.[2]

Although *Cade* is distinguishable because Burnett–Dunham never obtained a separate judgment confirming the arrearages, we conclude, based on the plain language of family code section 157.261(a), the reasoning still applies. The mandate of the civil practice and remedies code is clear: if a writ of execution is not issued within ten years after the rendition of a judgment by a court of record and is not "revived," the judgment is dormant. Tex. Civ. Prac. & Rem.Code Ann. §§ 31.006, 34.001. There simply is no exception for family law cases; they are, after all, "courts of record." *See In re S.C.S.*, 48 S.W.3d at 840 (Wittig, J., dissenting). Therefore, regardless of whether a party tries to reduce arrearages to a cumulative judgment or not, a parent must take actions to obtain arrearages within a timely

---

2. We further noted in *Cade* that there may have been a different outcome had the attorney general been involved in the case. 207

S.W.3d at 911. Similar to the facts here, the attorney general has not made an appearance in this case.

manner. Applying the residual twelve-year limitations, Burnett–Dunham had until March 27, 1991 to take some action with the court. This she failed to do and waiting fifteen more years, after the children are well into adulthood, is just too long.

As such, the trial court properly determined it did not have jurisdiction to adjudicate arrearages. Texas Family Code section 157.327, execution of a child support levy, was not available to Burnett–Dunham. TEX. FAM.CODE ANN. § 157.327 (Vernon 2002). Section 157.327(a) allows a party to deliver a notice of levy if a judgment has been rendered. As stated above, final judgments were rendered with each late child support payment. *Id.* § 157.261(a). Because the residual twelve-year statute of limitations applies, Burnett–Dunham's attempt to collect arrearages through the levy provision are time barred.

The same is likewise true for her attempts to collect under a child support lien. Section 157.312(d) provides a child support lien arises by operation of law for all amounts of child support due and owing regardless of whether the amounts have been adjudicated or otherwise determined. TEX. FAM.CODE ANN. 157.312(d) (Vernon Supp.2007). Here, because the arrearages were determined and constituted a final judgment each time Spurgin missed a payment, the residual statute of limitations began to run from that point in time. Thus, the time has expired for Burnett–Dunham to attempt to collect by executing a lien.

Finally, Burnett–Dunham is barred by the residual statute of limitations from seeking a judicial writ of withholding. Section 158.102 allows a writ of withholding to issue until all current support and child support arrearages have been paid. TEX. FAM.CODE ANN. § 158.102 (Vernon 2002). Burnett–Dunham argues this

means she may attempt to collect past due arrearages indefinitely. We disagree.

Section 158.101 states "[e]xcept as otherwise provided in this chapter, the procedure for a motion for enforcement of child support as provided in Chapter 157 [Enforcement] applies to an action for income withholding." TEX. FAM.CODE ANN. § 158.101. Nothing within chapter 158 provides that a late child support payment constitutes anything other than a final judgment. *See* TEX. FAM.CODE ANN. § 157.261. Because no exception applies, the enforcement provisions of chapter 157 apply to actions for income withholding. Thus, each missed child support payment constituted a final judgment, which at that time, the statute of limitations began to run. TEX. FAM.CODE ANN. § 157.261. Applying the residual statute of limitations, the judgments became dormant twelve years later. TEX. CIV. PRAC. & REM.CODE ANN. §§ 31.006, 34.001. As such, the trial court properly concluded it was without jurisdiction and dismissed Burnett–Dunham's application for judicial writ of withholding.

We recognize the Supreme Court of Texas has stated "it is a strong, long-standing policy of this state to protect the interests of its children, and this is the policy underlying the enforcement of child support obligations." *Williams v. Patton,* 821 S.W.2d 141, 145 (Tex.1991). Further, it has noted that characterizing arrearages as nothing more than a "debt" owed to the custodial parent ignores the reality that the child is frequently the one who has been harmed by nonpayment, and it is the child's interests that are ultimately sought to be protected. *Id.* Here, we cannot conclude payment of arrearages twenty-seven years after the youngest son reached eighteen will serve to protect the children's interests. To the extent one may argue the arrearages serve as reimbursement to

the custodial parent for monies spent on the children, Burnett–Dunham had remedies available to her years ago; however, for whatever reason, she chose not to pursue them.

We further acknowledge Spurgin has plainly failed to fulfill an important responsibility to his children, but neither his culpability nor a public policy favoring the payment of child support precludes the legislature from imposing time limits for how long a parent may seek arrearages once the child has reached majority. *See, e.g., Dep't Econ. Sec. v. Hayden,* 210 Ariz. 522, 115 P.3d 116, 120–21 (2005). As such, we cannot justify ignoring specific statutory mandates enacted by the legislature regarding the dormancy of judgments. This policy likewise encourages a reasonably prompt accounting of the support arrearages before relevant evidence becomes hard to obtain or is unavailable. *Id.* Arguments as to the wisdom of this policy are appropriately directed to the legislature, not the courts.

Because we have applied Texas Civil Practice and Remedies Code sections 31.006 and 34.001 to the family code provisions involving child support arrearages, we need not address Burnett–Dunham's issues. Tex.R.App. P. 47.1.

We affirm the trial court's judgment.