Opinion issued February 25, 2010



 














In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-09-00165-CV
__________
 
THE CADLE COMPANY, BY ASSIGNMENT FROM AMERICAN
EXPRESS TRAVEL RELATED SERVICES COMPANY, Appellant
 
V.
 
FRANK A. ROLLINS, INDIVIDUALLY AND DOING BUSINESS AS
LORDS’ PHARMACY, Appellee
 
 
 

 
 
On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 1985-37819
 

 
 
MEMORANDUM OPINION
          Appellant, The Cadle Company (“Cadle”), by assignment from American
Express Travel Related Services Company, challenges the trial court’s order denying
its motion for scire facias to revive a dormant judgment


 against appellee, Frank
Rollins, individually and doing business as Lords’ Pharmacy. In its sole issue, Cadle
contends that it conclusively established its entitlement to revive the judgment.
          We reverse the order of the trial court and render judgment granting Cadle’s
motion for scire facias, thus reviving the dormant judgment. 
Factual and Procedural Background
          In its motion and amended motion for scire facias, filed on September 29, 2008
and October 17, 2008 respectively, Cadle asserted that the trial court had signed a
final judgment in its favor and against Rollins on September 25, 1985, valued at
approximately $45,000. Cadle further asserted that the 1985 judgment remained
unsatisfied despite its multiple attempts to collect on the judgment through five writs
of execution issued and served in the case. Cadle sought to revive the judgment by
a writ of scire facias


 and attached to its motion the judgment and writs. 
          Rollins, in his response, asserted that Cadle was “guilty of gross negligence,
waiver, estoppel, and unclean hands for allowing the judgment to become dormant.”
He also asserted that the same issue had been previously litigated, he is an elderly
man who cannot satisfy the judgment, and reviving the judgment would allow Cadle
to continue its harassment of him.
          The trial court denied Cadle’s motion for scire facias to revive the judgment
and Cadle’s motion for new trial.
Scire Facias
          In its sole issue, Cadle argues that the trial court erred in denying its motion for
scire facias to revive the 1985 dormant judgment against Rollins because it timely
filed the motion and Cadle is, therefore, entitled to have the dormant judgment
revived. Rollins argues that the trial court had discretion to deny the motion because
Cadle “did not provide any reason whatsoever for its negligence in allowing” the
judgment to become dormant. He asserts that the “mere timely filing of the motion
for scire facias, without any factual or equitable basis, is not sufficient to revive a
judgment.” Rollins further asserts that he is elderly, Cadle’s “negligence, delays, and
tardiness only serve to harass and annoy” him, and the trial court “took into
consideration that the 1985 judgment was relating to a credit card debt” that he “does
not have the financial ability to pay.” Rollins agrees that the underlying judgment
was preserved until April 27, 2008 by Cadle’s execution of writs. 
          Section 34.001 of the Texas Civil Practice and Remedies Code, which governs
preservation and dormancy of judgments, provides, in pertinent part,
          (a)     If a writ of execution is not issued within 10 years after the
rendition of a judgment of a court of record or a justice court, the
judgment is dormant and execution may not be issued on the
judgment unless it is revived.
 
          (b)     If a writ of execution is issued within 10 years after rendition of
a judgment but a second writ is not issued within 10 years after
issuance of the first writ, the judgment becomes dormant. A
second writ may be issued at any time within 10 years after
issuance of the first writ.
          . . . .
Tex. Civ. Prac. & Rem. Code Ann. § 34.001 (Vernon Supp. 2009). 
          Under section 34.001, a judgment creditor may renew a judgment and keep the
judgment alive “indefinitely by having a writ of execution issued within ten years of
the previous writ.” Cadle Co. v. Fahoum, No. 2-06-459-CV, 2008 WL 754992, at *2
(Tex. App.—Fort Worth Mar. 20, 2008, no pet.) (mem. op.); see also Zummo v.
Cotham, 155 S.W.2d 600, 601 (Tex. 1941) (stating, under predecessor version of
statute, that judgment creditor has simple and inexpensive way to “prolong the life
of the judgment indefinitely by merely having execution timely issued”). Once a
judgment becomes dormant, the “dormant judgment may be revived by scire facias
or by an action of debt brought not later than the second anniversary of the date that
the judgment becomes dormant.” Tex. Civ. Prac. & Rem. Code Ann. § 31.006
(Vernon 2008). The effect of section 31.006 is to provide a twelve year residual
limitations period for final judgments. Burnett-Dunham v. Spurgin, 245 S.W.3d 14,
17 (Tex. App.—Dallas 2007, pet. denied); Longhurst v. Clark, No. 01-07-00226-CV,
2008 WL 3876175, at *2 (Tex. App.—Houston [1st Dist.] Aug. 21, 2008, no pet.)
(mem. op.). 
          In determining whether to issue a writ of scire facias to revive a dormant
judgment, a trial court considers the date of the judgment, evidence of any writs of
execution issued on the judgment, and the date of the motion to revive the judgment
scire facias. See Thomas v. Poonen, No. 05-00-01233-CV, 2001 WL 755638, at *2
(Tex. App.—Dallas July 6, 2001, no pet.) (not designated for publication); see also
Trad v. Colonial Coins, Inc., No. 14-02-00172-CV, 2003 WL 124680, at *2 (Tex.
App.—Houston [14th Dist.] Jan. 16, 2003, no pet.) (mem. op.) (stating that because
appellant timely filed motion for scire facias, the judgment “should be revived,” and
indicating that revival of judgment is not discretionary if statutory requirements to
revive dormant judgment are satisfied). A scire facias proceeding is a non-evidentiary hearing for which there is no need for findings of fact and conclusions of
law. Thomas, 2001 WL 755638, at *3.
          The parties agree that the trial court’s judgment became dormant on or about
April 27, 2008. Cadle filed its motion and amended motion for scire facias to revive
the dormant judgment on September 29, 2008 and October 17, 2008, well before the
second anniversary of the date that the judgment became dormant. See Tex. Civ.
Prac. & Rem. Code Ann. § 31.006. Thus, Cadle satisfied the statutory requirements
of section 31.006 to revive the judgment, and the trial court did not have the
discretion to deny Cadle’s timely filed motion for scire facias. We must reject
Rollins’s argument that the use of the word “may” in section 31.006 provided the trial
court with the authority to deny the motion based upon the equitable reasons
proffered by him, including his age and his financial inability to pay the judgment. 
We conclude that the use of the word “may” in section 31.006 simply refers to the
two ways identified in the statute in which a party may revive a judgment: a scire
facias or an action of debt. See id. Accordingly, we hold that the trial court erred in
denying Cadle’s motion for scire facias.
 
 
 
 
 
 
 
          Conclusion
          We reverse the order of the trial court and render judgment granting Cadle’s
motion for scire facias, thus reviving the dormant judgment. 
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Jennings, Hanks, and Bland.