Affirmed and Majority Opinion filed April 5, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-01091-CV

___________________

 

Manuel R. Isaacs, Appellant

 

V.

 

Julia ANN MCKINNEY Isaacs a/k/a Julia Parton,
Appellee



 



 

On
Appeal from the 309th District Court

Harris County,
Texas



Trial Court Cause No. 1096809

 



 

 

MAJORITY OPINION

An ex-husband appeals from an order granting his ex-wife a money judgment
for child-support arrearages, attorney’s fees, levies of child-support liens, and
a judicial writ of withholding from the ex-husband’s earnings.  On appeal, the
ex-husband’s main arguments are that (1) the trial court lacked subject-matter
jurisdiction under Texas Family Code section 157.005, and (2) sections
31.006 and 34.001 of the Texas Civil Practice and Remedies Code barred his
ex-wife from obtaining judgment on the child-support arrearages.  Concluding
that the ex-husband’s arguments lack merit, we affirm the trial court’s
judgment.

I.                  
Factual and
Procedural Background

Appellant
Manuel R. Isaacs (“Isaacs”) and appellee Julia Ann McKinney Isaacs a/k/a Julia
Parton (“Parton”) were divorced in December 1976.  Isaacs’s duty to pay child
support as to the only child of the marriage ended in October 1986.  More than
twenty-two years later, in April 2009, Parton filed a notice of child-support
lien under Family Code section 157.313.[1] 
See Tex. Fam. Code Ann. §
157.313 (West 2008).  Parton also filed a notice of application for judicial
writ of withholding under Family Code section 158.301 (“Notice”).  See Tex. Fam. Code Ann. § 158.301 (West
Supp. 2010).  Parton served these notices on Isaacs.  Parton thus gave notice
of her child-support lien and of her request for a judicial writ requiring
Isaacs’s employer to withhold amounts from Isaacs’s  earnings to satisfy unpaid
child-support obligations.  Parton alleged a child-support arrearage of more
than $103,000 and requested that $4,569.74 be withheld each month from Isaacs’s
earnings.

            Isaacs did not file a motion to stay within ten days
after receiving the Notice from Parton.  See Tex. Fam. Code Ann. § 158.307 (West 2008) (stating that, not
later than ten days after receipt of such a notice, the obligor may stay
issuance of a judicial writ of withholding by filing a motion to stay disputing
the identity of the obligor or the existence or amount of the arrearages).  In
August 2009, Isaacs filed a motion to set aside the Notice and for release or
reformation of Parton’s child-support lien (“Motion”).  The divorce decree
required Isaacs to pay the child support to the Harris County Child Support
Division.  In the Motion, Isaacs asserted that he had paid Parton all of the child
support that she was due, but that all payments except one were made directly
to her.  Therefore, Isaacs denied that he had failed to pay any child support. 
Isaacs asserted, in the alternative, that the arrearage should be no more than
$40,000.  Isaacs also argued that, under section 157.005 and Civil Practice and
Remedies Code sections 34.001 and 31.006, Parton is precluded from recovering
any arrearage through a judicial writ of withholding or a child-support lien. 
Isaacs asked for a hearing.

            In August 2009, Parton responded by, among other
things, requesting that if the trial court were to hold a hearing, that it determine
the amount of arrearages and grant Parton relief under section 157.323, regarding
enforcement of a child-support lien, and section 158.309, governing hearings on
motions to stay the issuance of a judicial writ of withholding.  See Tex. Fam. Code Ann. §§ 157.323, 158.309
(West 2008). The following month, on September 9, 2009, the trial court held a
hearing on the competing requests for relief.  The trial court found that it
had subject-matter jurisdiction.  Under section 157.323, the trial court
rendered judgment against Isaacs for $93,323.78 in child-support arrearages
plus reasonable attorney’s fees.  The trial court ordered that Parton is
entitled to levies to satisfy the child-support liens.  In addition, the trial
court ordered that Parton be granted a judicial writ of withholding from
Isaacs’s earnings, requiring Isaacs’s present and future employers to withhold $625
per month from his earnings.  The trial court concluded that section 157.005(b)
did not deprive the trial court of jurisdiction.  In its findings of fact and
conclusions of law, the trial court concluded that Civil Practice and Remedies
Code section 34.001 did not apply, based on the 2009 amendment to section
34.001,[2]
stating that this statute does not apply to a judgment for child support under
the Family Code.  Isaacs appeals asserting five issues.

II.
 Analysis

            A.        Did
section 157.005 deprive the trial court of jurisdiction?

            In his first
issue, Isaacs asserts that section 157.005 deprived the trial court of
jurisdiction to render its judgment for child-support arrearages.  See Tex. Fam. Code Ann. § 157.005 (West Supp.
2010).  Isaacs claims there is an irreconcilable conflict between section
157.005 and sections 157.323 and 158.309.  See Tex. Fam. Code Ann. §§ 157.005, 157.323, 158.309.  Research
reveals no case in which a court has construed the current version of section
157.005, which reads in pertinent part as follows:

(b)
The court retains jurisdiction to confirm the total amount of child support
arrearages and render a cumulative money judgment for past-due child support, as
provided by Section 157.263, if a motion for enforcement requesting a
cumulative money judgment is filed not later than the 10th anniversary after
the date:

 

     (1) the child becomes an adult; or 

 

    
(2) on which the child support obligation terminates under the child  

    
support order or by operation of law. 

 

Tex. Fam. Code Ann.
§ 157.005 (emphasis added).  Under the unambiguous language of the statute,
section 157.005(b) applies only to a trial court’s confirmation of arrearages
and rendition of a cumulative money judgment under section 157.263.  See id. 
Under this statute, if a party files a motion for enforcement of child support
and requests a cumulative money judgment for arrearages, then the court shall
confirm the amount of arrearages and render one cumulative money judgment. See
Tex. Fam. Code Ann. § 157.263
(West 2008).  But Parton did not seek, and the trial court did not grant,
relief under section 157.263.

            If an obligor fails to satisfy an obligation to
pay child support, the obligee may seek various cumulative remedies, including
(1) an order holding the obligor in contempt of court, (2) a cumulative money
judgment for the arrearages that can be executed and enforced as any other
judgment, (3) enforcement of the obligee’s child-support lien against the
obligor’s nonexempt property, (4) a judicial writ of withholding from the
obligee’s earnings, and (5) an administrative writ of withholding from the
obligee’s earnings. See Tex. Fam.
Code Ann. §§ 157.005(a), 157.263, 157.312(a), 158.309, 158.501(a); In
re A.D., 73 S.W.3d 244, 246–47 (Tex. 2002) (outlining various remedies for
failure to pay child support in context of rejecting constitutional challenge
to statute providing for judicial writ of withholding from the obligee’s
earnings).  

            Parton did not pursue relief under section
157.263. See Tex. Fam. Code Ann.
§ 157.263.  Instead, she sought to enforce child-support liens against Isaacs’s
nonexempt property, and she sought a judicial writ of withholding from Isaacs’s
earnings. See Tex. Fam. Code Ann.
§§ 157.323, 158.309.  In enforcing Parton’s child-support liens the trial court
had jurisdiction to 

(1)
render judgment against the obligor for the amount due, plus costs and
reasonable attorney’s fees; 

 

(2) order any official authorized to levy execution to satisfy
the lien, costs, and attorney’s fees by selling any property on which a lien is
established under this subchapter; or 

 

(3) order an individual or organization in possession of
nonexempt personal property or cash owned by the obligor to dispose of the property
as the court may direct. 

 

Tex. Fam. Code Ann.
§ 157.323 (a), (c).  As to the judicial writ of withholding, the trial court
had jurisdiction to “render an order for income withholding that includes a
determination of the amount of child support arrearages, including medical
support and interest.” Tex. Fam. Code
Ann. § 158.309(c)(1).  

            Isaacs claims that these statutes irreconcilably
conflict.  They do not.  Under the unambiguous language of these statutes,
Parton has several cumulative remedies by which she can choose to seek payment
of unpaid child support.  The jurisdiction of the trial court to impose the
first two remedies listed above expires after a specific period of time.  See
Tex. Fam. Code Ann. § 157.005(a),
(b).  The other three remedies are available until various items, including all
child support and child-support arrearages have been completely paid.  See Tex. Fam. Code Ann. §§ 157.318(a),
158.102, 158.502.  Under its unambiguous language, section 157.005(b) does not
limit the trial court’s jurisdiction to grant the relief that it granted in the
judgment from which Isaacs appeals.  Therefore, the trial court correctly ruled
that it had jurisdiction, and Isaacs’s arguments under section 157.005 lack
merit.[3]

            Isaacs relies upon this court’s opinion in In
re S.C.S.  See 48 S.W.3d 831 (Tex. App.—Houston [14th Dist.] 2001), pet.
denied sub nom. Sprouse v. Sprouse, 92 S.W.3d 502 (Tex.
2002).  In S.C.S., an ex-husband obligated to pay child support asserted
a constitutional challenge against a former version of section 157.005(b).  See
id. at 833–34.  The ex-husband asserted that the legislature’s removal of
all time limits from that section violated his constitutional rights because
section 157.005(b) was a statute of limitations that provided a vested right.[4]  See id. 
The S.C.S. court held that the statute spoke to the trial court’s
jurisdiction and was not a statute of limitations.  See id. at 833–35. 
In the case under review, Isaacs argues that section 157.005(b) limits the
trial court’s jurisdiction.  Isaacs has not asserted that this provision is a
statute of limitations, and he has not challenged its constitutionality.  The
version of section 157.005(b) at issue in the case under review, has a time
limit and specifies that it applies to relief under section 157.263, unlike the
version at issue in S.C.S. See id.  Therefore, S.C.S. is not on
point.

            Concluding that
section 157.005(b) does not apply so as to deprive the trial court of
subject-matter jurisdiction to render the judgment from which Isaacs appeals,
we overrule Isaacs’s first issue.

            B.        Did section 34.001
prevent the trial court from rendering judgment

for
the child-support arrearages?

In his second issue, Isaacs challenges the trial
court’s judgment, arguing that section 34.001 precludes the relief awarded by
the trial court.  Isaacs argues that each missed child-support payment was a
separate final judgment that became dormant under section 34.001 because no
execution issued within ten years.  See Tex. Civ. Prac. & Rem. Code Ann. § 34.001(a) (West Supp.
2010).  Once a judgment becomes dormant, no execution may be issued on the
judgment unless it is revived, and Isaacs asserts that the deadline for
reviving these alleged judgments was within two years after they became
dormant. See id. § 34.001(a), § 31.006 (West 2008) (stating that
“a dormant judgment may be revived by scire facias or by an action of debt
brought not later than the second anniversary of the date that the judgment
becomes dormant”).  Isaacs argues that, because Parton did not obtain execution
on each missed child-support payment within ten years or timely revive these
allegedly dormant judgments, Parton can no longer enforce these judgments. 
Isaacs bases this argument on the reasoning of the Fifth Court of Appeals in Burnett-Dunham
v. Spurgin.  See 245 S.W.3d 14, 16–18 (Tex. App.—Dallas 2007, pet.
denied).       
            Under the unambiguous language of the applicable statutes, Parton
may pursue the relief granted by the trial court until all child support, child-support
arrearages, interest, costs, and attorney’s fees have been paid.  See Tex. Fam. Code Ann. §§ 157.318(a),
158.102.  In addition, the Burnett-Dunham court interpreted a prior
version of section 34.001.[5] 
See Burnett-Dunham, 245 S.W.3d at 16–18.  Effective June
19, 2009, the  legislature amended section 34.001 by adding a subsection in
which the legislature explicitly states that section 34.001 does not apply “to
a judgment for child support under the Family Code.”  Act of May 28, 2009, 81st
Leg., R.S., ch. 767, §§ 31, 51, 2009 Tex. Gen. Laws 1938, 1948, 1950 (codified
at Tex. Civ. Prac. & Rem. Code Ann.
§ 34.001(c) (West Supp. 2010)).  The legislature provided that this amendment
applies to each judgment for child support under the Family Code, regardless of
the date upon which the judgment was rendered.  See id., §§ 31, 50, 2009
Tex. Gen. Laws at 1948, 1950.  Therefore, this amendment is part of the version
of section 34.001 that applies to the case under review.  The Supreme Court of
Texas and this court have yet to interpret this statute. See Overton v.
Overton, No. 14-09-00865-CV, 2011 WL 398046, at *5, n.12 (Tex. App.—Houston
[14th Dist.] Feb. 8, 2011, no pet. h.) (mem. op.) (noting the amended version
of section 34.001 but stating that the court did not need to apply the new
subsection (c) to dispose of that appeal).  Applying the new subsection (c), we
conclude that, under its unambiguous language, section 34.001 does not apply to
a judgment for child support under the Family Code.  See Tex. Civ. Prac. & Rem. Code Ann. §
34.001(c).  Therefore, under the unambiguous language of this statute, Isaacs’s
argument under his second issue lacks merit.  See Cobb v. Gordy, No.
01-09-00764-CV, 2011 WL 494801, at *3 (Tex. App.—Houston [1st Dist.] Feb. 10,
2011, no pet. h.) (mem op.).  

Under his second issue, Isaacs notes the 2009
amendment to section 34.001 but argues that this amendment violates the prohibition
against retroactive laws contained in article I, section 16 of the Texas
Constitution.  See Tex. Const.
art. I, § 16.  Isaacs waived this argument by not presenting it in the trial
court. See Tex. R. App. P. 33.1(a); In re L.M.I.,
119 S.W.3d 707, 711 (Tex. 2003) (holding that, to preserve argument for
appellate review, including constitutional arguments, party must present it to
trial court by timely request, motion, or objection, state specific grounds therefore,
and obtain ruling); Langston v. City of Houston, No. 14-08-000063-CV,
2009 WL 3003259, at *3 (Tex. App.—Houston [14th Dist.] Aug. 6, 2009, no pet.)
(mem. op.) (same).  Because Isaacs failed to preserve error, we do not address
whether the 2009 amendment to section 34.001 violates article I, section
16 of the Texas Constitution.  See In re L.M.I., 119 S.W.3d at 711; Langston,
2009 WL 3003259, at *3.  Accordingly, we overrule Isaacs’s second issue.

 

C.        Did
the trial court err in ruling that the ex-wife is entitled to child-support
liens, levies, and writs of income withholding as remedies for the collection
of unpaid child support?

 

In his third and fourth
issues, Isaacs challenges the trial court’s ruling that Parton is entitled to
child-support liens, levies, and writs of income withholding as remedies for
the collection of unpaid child support.  Isaacs also challenges the trial
court’s order that Parton be granted a judicial writ of withholding from
earnings.  In his arguments under these two issues, Isaacs repeats the same
arguments that he makes under his first two issues.  These arguments fail for
the reasons stated in the two previous sections of this opinion.  Accordingly,
we overrule Isaacs’s third and fourth issues.  

D.        Should this court address the ex-husband’s challenge
to the attorney’s 

fees?

 

Under his fifth and final issue, Isaacs argues that, if
this court reverses the trial court’s judgment in whole or in part, then this
court also should reverse the trial court’s award of attorney’s fees.  Inasmuch
as we have overruled the first four issues and are not reversing the trial
court’s judgment, we do not address Isaacs’s fifth issue because it is
conditioned on an event that has not occurred.

 

III.
 Conclusion

Section 157.005(b) does not apply so as to deprive
the trial court of subject-matter jurisdiction to render the judgment from
which Isaacs appeals.  Under its unambiguous language, section 34.001 does not
apply to a judgment for child support under the Family Code.  

The trial court’s judgment is affirmed.

 

 

                                                                        

                                                            /s/        Kem
Thompson Frost                                                                                                                      Justice

 

 

 

Panel
consists of Justices Anderson, Frost, and Brown. (Anderson, J., concurring
without opinion).

 

 

 









[1]
Unless otherwise stated, all statutory references in this opinion are to the
Texas Family Code. 





[2]
All references in this opinion to “section 34.001” are to section 34.001 of the
Texas Civil Practice and Remedies Code. 





[3]
Applying a similar analysis, this court recently held that the 2005 version of
section 157.005(b) did not deprive the trial court of jurisdiction to grant
relief under sections 157.323 and 158.309.  See Overton v. Overton, No.
14-09-00865-CV, 2011 WL 398046, at *3–4 (Tex. App.—Houston [14th Dist.] Feb. 8,
2011, no pet. h.) (mem. op.).





[4]
The legislature later put a time limitation back into section 157.005(b).  See
Act of May 29, 2005, 79th Leg., R.S., ch. 916, § 21, 2005 Tex. Gen. Laws 3148,
3156.





[5]
This court interpreted this prior version of 34.001 differently than did the Burnett-Dunham
court.  See In re S.C.S., 48 S.W.3d at 835–36.  This version of
34.001 is not at issue in the case under review.