# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00439-CV

**Jonathan Barnes, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT
### NO. 11-0721, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The trial court rendered a default judgment ordering Jonathan Barnes to pay retroactive and current child support to the managing conservator of his biological child. Barnes raises several issues on appeal relating to the propriety of the default judgment, but the Texas Department of Family and Protective Services concedes error on other grounds. We will vacate the judgment and dismiss the cause.

The Department concedes on appeal that Barnes has had no obligation to support the child who is the subject of the appealed order since a Caldwell County district court terminated Barnes's parental rights to that child on January 26, 2004. *See Barnes v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-04-00239-CV (Tex. App.—Austin Mar. 31, 2005, no pet.); *In re Minor Children*, Cause No. 02-FL-376 (22nd Dist. Ct., Caldwell County, Tex. Jan. 26, 2004) (Order of

Termination[1]); *see also Cade v. Stevens*, 207 S.W.3d 909, 911 (Tex. App.—Dallas 2006, no pet.) (termination of parental rights terminates parental duties including the duty to provide support in the future). The Department concedes that, even though the Hays County trial court was unaware of the termination of parental rights, that court had no authority to order Barnes to pay retroactive child support for the period beginning December 8, 2004 (when the managing conservator was appointed several months after Barnes's rights were terminated) or future child support. The Department requests that we reverse the child-support order and remand the cause to the Hays County court with instruction to dismiss the cause without prejudice on grounds that Hays County is not the court with continuing, exclusive jurisdiction. *See* Tex. Fam. Code Ann. § 155.102 (West 2008).

Rather than remand for further proceedings, we vacate the trial court judgment and dismiss cause number 11-0721 from the Hays County district court. *See* Tex. R. App. P. 43.2(e). We need not address Barnes's issues on appeal because they afford him no greater relief. *See id*. R. 47.1.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Vacated and Dismissed

Filed: June 1, 2012

---

[1] The Department attached to its brief a copy of the Order of Termination signed January 26, 2004. The parties have not disputed its authenticity. We take judicial notice of the Order of Termination.