**Affirmed and Opinion Filed June 28, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01299-CV

## IN THE INTEREST OF J.C., ET AL., CHILDREN

On Appeal from the 303rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DF-76-08723-V

## MEMORANDUM OPINION

Before Justices Fillmore, Stoddart, and Schenck
Opinion by Justice Stoddart

Father appeals the trial court's order denying his petition to terminate an administrative writ of withholding for child support. In three issues, he contends a prior judgment for child support arrearage is dormant, the trial court erred by including interest on his child support obligation, and the Office of the Attorney General (OAG) abused its authority by issuing the administrative writ of withholding. We affirm.

### A. Background

Father and Mother were divorced in 1976. Father was ordered to pay $350.00 per month as child support until their youngest child turned eighteen. The record indicates there was difficulty enforcing the child support order. On July 2, 1984, the trial court rendered an order sustaining a motion for contempt and a judgment for unpaid child support arrearages in the amount of $10,000.00. The judgment did not provide for interest on the child support arrearage.

Father's child support obligation continued until May 26, 1990, when his youngest child turned eighteen. The record is unclear, but Father made few, if any, child support payments after the 1984 judgment.[1]

In 2012, Mother filed a motion to confirm child support arrearages. *See* TEX. FAM. CODE ANN. § 157.263(a) (providing, if requested in motion to enforce child support, trial court shall confirm amount of arrearages and render one cumulative money judgment). The trial court denied the motion because the motion was not filed within ten years of the date the youngest child became an adult. *See* TEX. FAM. CODE ANN. § 157.005(b) (providing trial court has jurisdiction to confirm total amount of child support arrearages if motion is filed not later than ten years after the child becomes an adult).

The OAG filed a notice of interest in the case in 2013, and served an administrative writ of withholding for Father's social security benefits. The July 2013 writ showed a total arrearage of $138,510.90, which included interest in the amount of $108,618.40, and required a withholding of $1,440.00 per month. On August 28, 2013, after contacting the OAG and receiving no response, Father filed a petition to terminate the administrative writ of withholding. *See* TEX. FAM. CODE ANN. § 158.506(c). Father argued the writ should be terminated because Mother's motion to confirm arrearages was denied. Father also alleged the OAG did not provide a review hearing on his contest of the administrative writ. *See id.* § 158.506(a).

At the hearing on Father's petition, he testified he was aware of the 1984 judgment for $10,000.00. He offered two of his credit reports from 1996, which showed OAG reports of child

---

[1] There is almost no evidence regarding payments made by Father. Some of the blame for this lack of proof must fall on Father because his counsel objected to the OAG's questions asking if Father made all the child support payments due until the time his youngest child turned eighteen. A motion under section 158.506(c) is an appropriate means to determine whether an obligor has made all child support payments. *See In re J.C.T.*, 2014 WL 3778909, at *4 (Tex. App.—Dallas July 31, 2014, pet. filed) (mem. op.) (affirming order terminating writ of withholding based on conflicting evidence of payment of child support). Thus, it appears Father did not base his petition to terminate on the theory that he had made all payments required by his support obligation.

support owed in the amounts of $7,067.00 in May and $6,703.00 in December. Father said he made one payment of $385.00 after noticing the entries on his 1996 credit reports.[2] Father admitted he owed child support payments, but was not sure how much he owed.

The trial court signed an order finding it did not have authority to alter the 1984 judgment for child support arrearages, but the court modified the amount of withholding under the administrative writ to $350.00 per month until "any alleged arrears are paid in full."

## B. Dormancy

Father's first issue[3] argues the 1984 judgment is dormant and cannot be enforced against him. Section 34.001 of the civil practice and remedies code provides that a judgment is dormant and execution may not be issued if a writ of execution is not issued within ten years after rendition of the judgment. TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(a). However, the Legislature amended section 34.001 in 2009 to expressly exclude child support judgments from the dormancy statute. TEX. FAM. CODE ANN. § 34.001(c). Furthermore, the Legislature made the amendment apply to "each judgment for child support under the Family Code, regardless of the date on which the judgment was rendered." Act of May 28, 2009, 81st Leg. R.S., ch. 767, § 50, 2009 Tex. Gen. Laws 1938, 1950; *see Holmes v. Williams*, 355 S.W.3d 215, 220–21 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (upholding constitutionality of retroactive application

---

[2] Father attached several documents to his brief that were not admitted in evidence or filed in the trial court. The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered. *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 534 (Tex. App.—Dallas 1987, no writ); *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Accordingly, we will not consider any documents attached to appellant's brief that are not part of the appellate record.

[3] Father is pro se. His initial brief was struck for failure to comply with rule 38.1. TEX. R. APP. P. 38.1. He filed an amended brief, which suffers many of the same deficiencies. We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Harris v. Showcase Chevrolet*, 231 S.W.3d 559, 561 (Tex. App.–Dallas 2007 no pet.); *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.–San Antonio 1999, pet. denied).

of amendment).

Father cites *Cade v. Stevens*, 207 S.W.3d 909 (Tex. App.—Dallas 2006, no pet.) in support of his dormant-judgment argument. But *Cade*, as well as *Burnett–Dunham v. Spurgin*, 245 S.W.3d 14, 17 (Tex. App.—Dallas 2007, pet. denied), was superseded by the Legislature's amendment of section 34.001. *See Holmes*, 355 S.W.3d at 220–21. The law is clear that the dormancy provisions of section 34.001 do not apply to child support judgments regardless of when those judgments were rendered. TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(c).

Father also cites section 157.005(b)[4] and its ten-year limitation on jurisdiction to confirm the total amount of child support arrearages under section 157.263(a). TEX. FAM. CODE ANN. §§ 157.005(b), 157.263(a). However, a judgment for arrearages under section 157.263(a) is not required for the issuance of administrative writ of withholding. *Attorney General v. Redding*, 60 S.W.3d 891, 985 (Tex. App.—Dallas 2001, no pet.) (administrative writ statute does not limit its application to enforcement of arrearage judgments). An administrative writ of withholding may be issued at any time until all child support arrearages are paid. TEX. FAM. CODE ANN. § 158.502(a); *Redding*, 60 S.W.3d at 985. Furthermore, the plain language of section 157.005(b) indicates it applies only to cumulative money judgments under section 157.263 and does not limit other remedies provided by the family code to enforce child support, such as an administrative writ of withholding. *See In re D.W.G.*, 391 S.W.3d 154, 160 (Tex. App.—San

---

[4] Section 157.005(b) provides:

(b) The court retains jurisdiction to confirm the total amount of child support arrearages and render a cumulative money judgment for past-due child support, as provided by Section 157.263, if a motion for enforcement requesting a cumulative money judgment is filed not later than the 10th anniversary after the date:

(1) the child becomes an adult; or

(2) on which the child support obligation terminates under the child support order or by operation of law.

TEX. FAM. CODE ANN. § 157.005(b).

Antonio 2012, no pet.); *Isaacs v. Isaacs*, 338 S.W.3d 184, 187–88 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

We conclude the 1984 judgment is not dormant and the trial court did not err by denying Father's petition to terminate the administrative writ on that basis. We overrule Father's first issue.

### C. Interest

Father's second issue complains the trial court improperly included interest on the 1984 judgment even though the terms of that judgment do not provide for interest. Initially, we note the order presently on appeal does not award interest or alter the terms of the 1984 judgment. The trial court expressly stated in the order before us that the trial court did not have the authority to alter the 1984 judgment. The trial court impliedly denied Father's petition to terminate the administrative writ of withholding by reducing the amount to be withheld from $1,440.00 per month to $350.00 per month until any arrears are paid in full. The trial court did not determine the amount of interest due on the unpaid child support obligations, nor was it requested to do so.

Unpaid child support is often referred to as either confirmed or unconfirmed. Section 157.263(a) of the family code permits the trial court, if requested in an enforcement action to confirm the amount of arrearages and render one cumulative money judgment. TEX. FAM. CODE ANN. § 157.263(a). The cumulative money judgment includes unpaid child support not previously confirmed, any balance owed on previously confirmed arrearages, and interest on the arrearages. *Id.* § 157.263(b). In contrast, section 157.261(a) of the family code provides that "[a] child support payment not timely made constitutes a final judgment for the amount due and owing, *including interest* as provided in this chapter." *Id.* § 157.261(a) (emphasis added). These payments are often referred to as unconfirmed to distinguish them from a judgment confirming

arrearages under section 157.263(a).

Section 157.265 of the family code provides that interest accrues on delinquent child support payments. *See* TEX. FAM. CODE ANN. § 157.265; *Herzfeld v. Herzfeld*, 285 S.W.3d 122, 128 (Tex. App.—Dallas 2009, no pet.). Subsections (e) and (f) are applicable to this case. A money judgment for child support rendered before January 1, 2002, is governed by the law in effect on the date the judgment was rendered. TEX. FAM. CODE ANN. § 157.265(f). However, unconfirmed child support arrearages that were not reduced to judgment before January 1, 2002, accrue interest at the rate that applied to arrearages before that date, and at the rate of six percent simple interest after January 1, 2002. *Id.* § 157.265(a), (e); *see In re M.C.C.*, 187 S.W.3d 383, 385 (Tex. 2006) (per curiam) (unconfirmed and unpaid child support payments accrue interest at twelve percent simple interest through December 31, 2001 and beginning January 1, 2002, unpaid child support that is not judicially confirmed, including the twelve percent already included in the debt, accrues new interest at the rate of six percent). Accrued interest becomes part of the child support obligations. TEX. FAM. CODE ANN. § 157.267. A trial court has no discretion to modify, forgive, or make equitable adjustments to interest on child support arrearages. *See Herzfeld*, 285 S.W.3d at 129.

The OAG concedes on appeal that the 1984 judgment did not provide for interest on the confirmed child support arrearage and that no interest accrued on that amount under subsection (f). TEX. FAM. CODE ANN. § 157.265(f). Father continued to owe child support for almost six years after the 1984 judgment and, except for a few payments, there is no evidence Father paid all of these child support obligations. Any of these payments not timely made constitute final judgments for the amount due and owing, including interest as provided by chapter 157. *Id.* § 157.261(a). By statute, interest would accrue on these unconfirmed, unpaid child support payments. *See id.* § 157.265(e). The interest calculations used by the OAG are not clear and

consistent,[5] but the statute authorizes interest on the unconfirmed and unpaid child support payments. *See id.* Father has not shown that a possible miscalculation of interest is a basis for terminating an administrative writ of withholding when there is undisputed evidence of unpaid child support arrearages.

While the parties disputed the amount owed, particularly with regard to interest, the evidence showed that some amount of child support arrearage remained unpaid. Therefore, the trial court did not err by denying the petition to terminate the administrative writ of withholding. Furthermore, the trial court was well within its discretion to reduce the amount of monthly withholding required by the writ and order that withholding continue "until any alleged arrears are paid in full." *See* TEX. FAM. CODE ANN. § 158.502(a) (writ for withholding may be issued at any time until all current child support, child support arrearages, and Title IV-D fees "have been paid in full"). We conclude the trial court did not err by denying Father's petition to terminate the administrative writ. We overrule Father's second issue.

### D. OAG's Authority

In his third issue, Father argues the OAG abused its authority by issuing the administrative writ of withholding. Much of his argument merely repeats his contention that the 1984 judgment is dormant and can no longer be enforced. We rejected this argument under Father's first issue.

The OAG has statutory authority to issue administrative writs of withholding to enforce child-support obligations. *See* TEX. FAM. CODE ANN. § 158.502(a). The statute authorizes the

---

[5] There is no evidence in the record of a payment history or the exact calculation of the balance owed and accrued interest used by the OAG. The June 11, 2014 administrative writ of withholding in the record lists the total amount owed as $135,769.67, which includes accrued interest of $116,845.76. However, an earlier writ for July 2013 shows a total arrearage of $138,510.90, which includes interest in the amount of $108,618.40. But a July 6, 2013 statement from the OAG to Father showing a total arrearage of $138,510.90 consisting of $93,946.90 principal and $44,564.00 interest. Although the totals for the last two statements are the same, the amounts of principal and interest are very different.

OAG to issue the writ "at any time until all current support, including medical support, and child support arrearages . . . have been paid." *Id.*; *see In re A.D.*, 73 S.W.3d 244, 247 (Tex. 2002). When the Legislature adopted the administrative writ procedure, it also removed the time limitation for entry of a judicial writ of withholding. TEX. FAM. CODE ANN. § 158.102; *In re A.D.*, 73 S.W.3d at 247.

The OAG issued an administrative writ of withholding in August 2013. The OAG alleged and Father admitted he owed unpaid child support. Under section 158.502, the OAG had authority to issue the administrative writ at any time until all child support arrearages have been paid. TEX. FAM. CODE ANN. § 158.502. We conclude the OAG did not abuse its authority by issuing the administrative writ. We overrule Father's third issue.

### E. Conclusion

We have overruled Father's issues on appeal and therefore affirm the trial court's order.


  /Craig Stoddart/
  CRAIG STODDART
  JUSTICE

141299F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF J.C., ET AL., CHILDREN

No. 05-14-01299-CV     V.

On Appeal from the 303rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-76-08723-V.
Opinion delivered by Justice Stoddart.
Justices Fillmore and Schenck participating.

In accordance with this Court's opinion of this date, the trial court's July 14, 2014 order is **AFFIRMED**.

It is **ORDERED** that appellees Bernetta Bayless and the Office of the Attorney General of Texas recover their costs of this appeal from appellant John Crear Sr.

Judgment entered this 28th day of June, 2016.